STATE v. WILSON CROWDER.

*Removal of Crop—Evidence.*

1. The offence of removing a crop by a tenant before paying the rent
   and discharging all liens of the landlord on it, is not complete, un-
   less the crop is removed without giving the five days' notice, for if
   the notice is given, removing the crop is not an offence.

2. The want of such notice may be proved by any competent evidence,
   and it is not necessary that it should be proved by the landlord or
   his agent or assignee.

(*State* v. *Wilbourne,* 87 N. C., 529; cited and approved).

INDICTMENT for removing a crop, tried before *Clark, Judge,*
and a jury, at January Term, 1887, of ANSON Superior Court.

There was a verdict of guilty, and the defendant appealed.
The facts appear in the opinion.

*The Attorney-General,* for the State.
No counsel for the defendant.

MERRIMON, J.    The statute, (*The Code,* §1759,) in respect
to "landlord and tenant," provides that, "Any lessee or
cropper, or the assigns of either, or any other person, who
shall remove said crop, or any part thereof from such land,
without the consent of the lessor or his assigns, and without
giving him or his agent five days' notice of such intended
removal, and before satisfying all the liens held by the lessor
or his assigns on said crop, shall be guilty of a misdemeanor;
and if any landlord shall unlawfully, wilfully, knowingly,
and without process of law, and unjustly, seize the crop of
his tenant, when there is nothing due him, he shall be guilty
of a misdemeanor."

The offence thus prohibited is not complete unless the
lessee, or cropper, or the assignee of either, or other person,

removed the crop, or a part of it, without giving the lessor or his assign five days' notice of such intended removal, and this essential fact must constitute part of the charge in the indictment. The statute plainly so provides.

It is not simply such removal without the consent of the lessor or his assigns and before satisfying all liens on the crop held by them, that constitutes the offence; this is not the offence prohibited—but it is this, done without giving five days' notice to the lessor or his assigns or his agent, that constitutes it.

The purpose is to make it indictable to thus remove the crop or any part of it, without notice to the lessor or his assignee, and thus deprive him of just opportunity to enforce his lien, and to that end, take such steps as need be taken to prevent such removal. If the notice is given, and the lessor or his assignee fails to enforce his lien and to take steps to prevent the removal, then it is not indictable to remove the crop. In that case, the inference would be, that the lessor or his assignee assented to the removal, or that he had no lien on the crop.

The Court instructed the jury, that the defendant "must pay for the rent and supplies, and he must give the five days' notice. If he failed to do *either of these things*, he would be guilty." In this there is error, for the reasons stated above.

It was incumbent on the State to prove that the defendant did not give the five days' notice as required, because that fact was an essential constituent element of the offence charged. *State* v. *Wilbourne*, 87 N. C., 529. It was not, however, necessary to prove that fact by the lessor or his assignee; it might be proven by any competent evidence that would satisfy the jury that such notice had not been given.

28*

There is error, and the defendant is entitled to a new trial. To that end, let this opinion be certified to the Superior Court according to law. It is so ordered.

Error.                                Reversed.