## STATE v. BELL.

(Filed December 13, 1904).

1. LANDLORD AND TENANT—*Notice—The Code, sec. 1759—Crops—Evidence.*

    A tenant indicted for removal of crops without giving the landlord five days' notice cannot show in defense that he had sustained damage by the failure of the landlord to comply with the contract to the amount of the rents due. *State v. Neal*, 129 N. C., 692, overruled.

2. NEW TRIAL—*Vested Rights—Trial.*

    In this case, overruling a former decision, a new trial is granted, but the trial will be under the law as declared in the overruled decision.

INDICTMENT against Josiah and Joshua Bell, heard by *Judge G. S. Ferguson* and a jury, at March Term, 1904, of the Superior Court of LENOIR County. From a verdict of guilty and judgment thereon the defendants appealed.

*Robert D. Gilmer, Attorney-General,* for the State.
*Woolen & Wooten* and *Land & Cowper,* for the defendants.

CONNOR, J. The defendants were indicted for removing and selling tobacco made by them as tenants on the lands of the prosecutor without having satisfied the liens thereon or giving five days' notice of such removal and sale, as required by section 1759 of The Code. There was no controversy in regard to the terms of the lease. The defendants admitted the removal and sale of the tobacco. The defense is set forth in the exceptions. From a judgment based upon a verdict of guilty they appealed.

There was evidence tending to show that before the removal of any part of the crop the prosecutor consented to the

sale of several loads of tobacco to get money to save the bal-
ance. Thereafter the defendants removed and sold the bal-
ance of the crop and retained the proceeds.

The defendants offered to show that they had sustained
damage by reason of the failure of the landlord to comply
with the contract; that such damage amounted to more than
the rents and advancements. The Court, upon objection by
the State, excluded the testimony so far as it affected the
rents. Defendants excepted. The counsel for defendants
insist that the testimony was competent as settled by this
Court in *State v. Neal,* 129 N. C., 692. In that case the
defendant, being on trial for the same offense, was permitted
to show that he had sustained damage by reason of the failure
of the landlord to repair the house on the premises as he had
contracted to do. That he contracted for the use of twenty-
five acres and was permitted to cultivate only fifteen acres.
It is not easy to distinguish the two cases. It is evident that
the majority of the Court were impressed with the hardship
of the statute construed as contended for by the State. *Mr.
Justice Douglas,* in a concurring opinion, speaks of "the hard-
ship which might result to the tenant" by permitting him to
be convicted when he might be able to show that he did not
owe the landlord. The statute is very explicit in prohibiting
the removal of any part of the crop until the liens are satis-
fied or "before satisfying all liens," unless the tenant shall
give five days' notice. The language of the statute would
seem to be capable of a construction prohibiting such removal
without regard to the satisfaction of the liens unless the
notice was given. This Court has construed it otherwise.
*State v. Crowder,* 97 N. C., 432. While we should always
avoid giving to a criminal statute a construction in case of
doubt, which makes its operation harsh or oppressive, we may
not disregard the plain expression of the legislative will be-
cause we may think it harsh or even unjust. We do not think

that the words used are open to reasonable doubt. The tenant owes the rent or advancements. The landlord has a lien on the crops, the product of the land of one and labor of the other. The statute declares that the crop shall remain on the land, unless otherwise agreed, until the landlord and tenant come to a settlement of the accounts and dealings and the liens are satisfied. If the landlord will unduly or unjustly refuse to come to a settlement the tenant may by giving the five days' notice sell a part of the crop without subjecting himself to a criminal prosecution. This gives to the landlord a reasonable time to come to a settlement. If they cannot do so, either of them may apply to a court having jurisdiction to compel a settlement. Pending such proceeding, the rights of both parties are protected by retention of the crop or a bond for the value. The evident purpose of the Legislature was to prevent litigation. Nothing is more certain to bring about litigation than the course pursued by the defendants. They had not satisfied the liens, and it is evident from the testimony that they knew the law. To satisfy a claim is to pay or discharge it—not to set up some other claim for unliquidated damages. There was not, so far as the testimony shows, any suggestion by the defendants to the landlord that they had any such claim. While we recognize the duty of the Court to avoid overruling its decisions, we feel well assured that the language of the statute demands that we concur with his Honor's ruling and overrule our own decision in Neal's case. It is very desirable that the relative rights and duties of landlords and tenants be clearly defined. The statute is plain, and when it is understood that the Court will not encourage experimenting with it both parties will recognize and respect the rights of each other.

While we hold the law to be as stated, we are embarrassed in applying this ruling to this case. It may be that these defendants have acted upon the advice of counsel based upon

the decision of this Court in *State v. Neal,* *supra.* If so, to try them by the law as herein announced would be an injustice. While it is true that no man has a vested right in a decision of the Court, it is equally well settled that where, in the construction of a contract or in declaring the law respecting its validity, the Court thereafter reverses its decision, contractual rights acquired by virtue of the law as declared in the first opinion will not be disturbed. We have diligently searched for authority by which courts have been governed in cases such as the one before us. We find nothing very satisfactory. In view of the peculiar conditions with which we are dealing, we have deemed it but just to the defendants, and not at variance with any authority in this Court, to order a new trial, with the direction that the testimony offered in this case, in so far as it is made admissible by the ruling of this Court in *State v. Neal,* be admitted. If the defendants shall be able to establish their defense in accordance with the ruling in Neal's case they are entitled to do so, but the construction now put upon the statute will be applied to all future cases. While, as we have said, we find no authority directly in point, we think this course is sustained by what is said in Wells on Stare Decisis, 566. See also *Township v. State,* 150 Ind., 168, 26 A. & E. Ency., 179, 8 Fed. Cases, No. 4, 146, p. 37. There will be a new trial. Let this be certified.

New Trial.


DOUGLAS, J., concurring in result. I still adhere to the principles asserted in my concurring opinion in Neal's case, as it seems proper that all statutes should, as far as possible, be construed in accordance with natural justice. Section 1759 of The Code provides that "Any lessee or cropper, or the assigns of either, or any other person, who shall remove said crop or any part thereof from such land without the con-

sent of the lessor or his assigns and without giving him or his agent five days' notice of such intended removal, and before satisfying all the liens held by the lessor or his assigns on said crop, shall be guilty of a misdemeanor."

It will be noticed that the conjunction "and" is used in connecting the three acts constituting the offense, which, therefore, depends upon the concurrence of all three of the conditions. If consent is obtained, or notice is given, or the liens are paid, there can be no offense, as one of its essential conditions is lacking. The evident purpose of the statute is to secure the payment of all liens; and if such liens are paid, its essential object is fully accomplished.

The record states that "The defendants offered to prove that they had suffered damage by reason of the prosecutor not complying with his contract in excess of the advancements and the rents. The Court said he would permit the evidence to set-off the advancements made by the prosecutor, but exclude its application to set-off the rents." I do not clearly see the distinction between rents and advancements. In either aspect I do not see why a defendant may not be permitted to plead a just indebtedness arising out of the same transaction of renting. This would be a valid set-off or counter claim in a civil action, and would prevent any recovery by the landlord. Of course the tenant would act at his own peril and would be criminally liable if he failed to make good his defense; but it seems to me that he should have the opportunity of presenting it. Whether the landlord was in fact liable in any amount to the defendants in the case at bar is immaterial to the consideration of this question. We must assume he was, as they were refused the opportunity of proving the fact. It did the defendants no good to permit them to set-off their claims against the advancements if they were held criminally liable for the rents. Land-owners are justly entitled to the equal protection of the law; but I do not feel

called upon to change the conjunctive "and" in the statute
into the disjunctive "or," when it results in putting a man
upon the roads for neglecting to pay a debt that he did not
owe, and removing a crop that was his own.