## STATE v. L. HARRIS.

(Filed 14 December, 1912.)

**Landlord and Tenant—Removing Crop—Statutory Notice—Burden of Proof—Interpretation of Statutes.**

In order to convict the defendant of the offense of removing a crop without the consent of the landlord, the burden is on the State to show that the defendant had not given his landlord the statutory five days previous notice before the crop had been removed.

APPEAL by defendant from *Cline, J.,* at February Term, 1912, of HERTFORD.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Allen.*

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*

*Roswell C. Bridger and Winborne & Winborne for defendant.*

ALLEN, J. The defendant was indicted for removing a crop without the consent of the landlord, and before satisfying his lien for rent and supplies. The case came up originally upon a statement of case on appeal, settled by the judge. On motion of the defendant, a *certiorari* was issued to the judge to report to the court the exact facts in connection with the settlement of the case on appeal, and upon return of the writ the court ordered the defendant's case on appeal to be docketed as the proper case, and the appeal now stands for hearing upon defendant's statement.

One witness only was examined in the court below, R. H. Reynolds, who testified as follows: "I live in Winton; I know the defendant, L. Harris. During the year 1911, and for three or four years before, defendant lived on my land as tenant and cultivated a crop—crop of cotton and other crops. Defendant owed me a balance of advances for the year 1911, something more than $14. That on 15 December, 1911, defendant had served on me, by the Sheriff of Hertford County, a written notice requiring me to divide said crops according to law, and within five days after service of said notice. In pursuance of

the notice, I went to the defendant's house, which was on the rented land, and divided the crops. The cotton was upstairs; we brought it down and divided it according to contract. I took my half and carried it away; the defendant's half was put back into the house. We had a conversation about balance due me. We finally agreed on a compromise for the sum of $11, the defendant saying at the time that he did not have the money to pay the $11 with, but would pay it in a few days. The advances for the year 1911 consisted of a balance brought over from 1910 account, in the sum of $18 old account. With the exception of $14 above mentioned, defendant denied owing that amount to me on 1911 advances. We finally agreed on a compromise in the sum of $11, which amount defendant said he would pay in a few days. This agreement was after the crop was divided. On 22 December, 1912, defendant, after the division of the crop, removed from the farm two bales of cotton and carried them to the cotton gin without paying the $11 compromise."

In apt time the defendant asked the judge to give the jury the following special instructions:

"The offense of removing a crop by a tenant before paying the rent and discharging all liens of the landlord on it is not complete unless the crop is removed without giving the five days notice under the statute, and if the jury shall find from the evidence that the five days notice was given, removing the crop is not an offense, and the defendant would not be guilty." The court refused to so instruct the jury, and the defendant excepted.

"The burden is on the State to satisfy the minds of the jury beyond a reasonable doubt that the defendant did not give the landlord the five days notice required by law." The court refused to so instruct the jury, and the defendant excepted.

"That if the jury believe all the evidence in the case, the defendant is not guilty." The court refused to so instruct the jury, and the defendant excepted.

In *S. v. Crowder,* 97 N. C., 432, the Court holds that the offense of removing a crop by a tenant before paying the rent

and discharging all liens of the landlord is not complete unless the crop is removed without giving the five days notice; for if the notice is given, removing the crop is not an offense. The Court also holds that the burden is on the State to prove that the defendant did not give the five days notice required. Upon this authority we are led to the conclusion that the court erred in refusing to give the instruction asked, and the defendant is entitled to a new trial.

After quoting the statute, the Court says in the *Crowder case:* "The offense thus prohibited is not complete unless the lessee or cropper, or the assignee of either, or other person, removed the crop or a part of it, without giving the lessor or his assigns five days notice of such intended removal, and this essential fact must constitute part of the charge in the indictment. The statute plainly so provides. It is not simply such removal without the consent of the lessor or his assigns and before satisfying all liens on the crop held by them, that constitutes the offense; this is not the offense prohibited, but it is this, done without giving five days notice to the lessor or his assigns, or his agent, that constitutes it. The purpose is to make it indictable to thus remove the crop or any part of it, without notice to the lessor or his assignee, and thus deprive him of just opportunity to enforce his lien, and to that end take such steps as need be taken to prevent such removal. If the notice is given, and the lessor or his assignee fails to enforce his lien and to take steps to prevent the removal, then it is not indictable to remove the crop. In that case the inference would be that the lessor or his assignee assented to the removal, or that he had no lien on the crop."

If the notice served on the landlord is the one required by law, the statute has been complied with, and if not, there is no evidence that the statutory notice was not given.

New trial.