AVIS HELEN COX v. CHESTER C. HAWORTH, JR., M.D. AND HIGH POINT
MEMORIAL HOSPITAL, INC.

No. 99

(Filed 1 December 1981)

1. **Appeal and Error § 67— overruling of prior decision—presumption of retroactivity**

    A decision of the Supreme Court overruling a former decision will be
    given retrospective effect unless compelling reasons exist for limiting the ap-
    plication of the new rule to future cases.

2. **Husband and Wife § 9— action for loss of consortium—retrospective applica-
tion of decision**

    The decision in *Nicholson v. Hospital*, 300 N.C. 295, which overruled prior
    decisions and recognized a cause of action for loss of a spouse's consortium,
    will be applied retrospectively to all cases or claims pending and not barred by
    judgment, settlement or the statute of limitations as of 3 June 1980, the date
    of such decision.

ON plaintiff's petition for discretionary review prior to deter-
mination by the Court of Appeals pursuant to G.S. 7A-31 (1981) of
the dismissal of her claim for loss of consortium as against the in-
dividual defendant by *Collier, Judge*, at the 16 March 1981 Ses-
sion of Superior Court, GUILFORD County. The order of dismissal
was entered 17 March 1981.

By this appeal, we consider whether this Court's decision in
*Nicholson v. Hugh Chatham Memorial Hospital, Inc.*, 300 N.C. 295,
266 S.E. 2d 818 (filed 3 June 1980), which recognized a cause of ac-
tion for loss of a spouse's consortium, should be limited to pro-
spective application.

*Barefoot & White, by Spencer W. White, for plaintiff-
appellant.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, by
Jodee Sparkman King, for defendant-appellee Chester C.
Haworth, Jr., M.D.*

CARLTON, Justice.

I.

Plaintiff filed suit on 15 July 1980 alleging that defendants had negligently performed a myelogram procedure on her husband, Alfred W. Cox, on or about 14 July 1978 and had performed the myelogram without his informed consent. She alleged that as a result of the myelogram procedure her husband developed spinal cord arachnoiditis that left him permanently disabled and sexually impotent. Because of his disability she has suffered the loss of her husband's general companionship and conjugal society and affection and has also suffered the loss of sexual gratification in her marriage. She prayed for damages "in excess of $10,000." In her complaint plaintiff requested that her claims be joined with the existing action filed by her husband against the same doctor on 20 May 1980 in Guilford County (number 80CvS3503) for disposition.

Defendant Haworth moved to dismiss plaintiff's complaint for failure to state a claim for which relief may be granted because at the time of the alleged acts of negligence a claim for loss of consortium due to the negligence of third parties was not recognized under the laws of this state.

The motion to dismiss was heard by Judge Collier at the 16 March 1981 Session of Superior Court, Guilford County. He granted defendant Haworth's motion and entered an order dismissing plaintiff's action as to defendant Haworth.

Plaintiff gave immediate notice of appeal, and the appeal was filed and docketed in the Court of Appeals on 11 May 1981. Prior to determination of the appeal by that court, however, plaintiff filed a petition requesting that this Court certify the case for discretionary review prior to the determination of the Court of Appeals. We allowed plaintiff's petition on 17 August 1981.

II.

On 3 June 1980, this Court announced its decision in *Nicholson v. Hugh Chatham Memorial Hospital, Inc.*, 300 N.C. 295, 266 S.E. 2d 818 (1980), and held that "a spouse may maintain a cause of action for loss of consortium due to the negligent actions of third parties so long as that action for loss of consortium is joined with any suit the other spouse may have instituted to recover for his or her personal injuries." *Id.* at 304, 266 S.E. 2d at

823. In so holding, this Court overruled long-standing case law which held that no action for loss of consortium exists. *Helmstetler v. Duke Power Co.*, 224 N.C. 821, 32 S.E. 2d 611 (1945) (husband has no right of action for loss of wife's consortium); *Hinnant v. Tidewater Power Co.*, 189 N.C. 120, 126 S.E. 307 (1925) (wife has no right of action for loss of husband's consortium). Not before us in *Nicholson* was the question whether and to what extent the new rule applied to claims arising prior to the decision. We must now address this question.

## A.

Under a long-established North Carolina law, a decision of a court of supreme jurisdiction overruling a former decision is, as a general rule, retrospective in its operation. *Mason v. A. E. Nelson Cotton Co.*, 148 N.C. 492, 62 S.E. 625 (1908); *MacDonald v. University of North Carolina*, 299 N.C. 457, 263 S.E. 2d 578 (1980). This rule is based on the so-called "Blackstonian Doctrine" of judicial decision-making: courts merely discover and announce law; they do not create it; and the act of overruling is a confession that the prior ruling was erroneous and was never the law. *People ex rel. Rice v. Graves*, 242 App. Div. 128, 273 N.Y.S. 582 (1934), *aff'd*, 270 N.Y. 498, 200 N.E. 288, *cert. denied*, 298 U.S. 683 (1936); *Fitzgerald v. Meissner & Hicks, Inc.*, 38 Wis. 2d 571, 157 N.W. 2d 595 (1968); *see* Annot., 10 A.L.R. 3d 1371, § 4 (1966); Annot., 85 A.L.R. 262 (1933). As stated by this Court in *Mason*, "the effect is not that the former decision is bad law, but that it never was the law." 148 N.C. at 510, 62 S.E. at 632. Under more recent decisions, however, courts have recognized that the question of retroactivity is one of judicial policy, and should be determined by a consideration of such factors as reliance on the prior decision, the degree to which the purpose behind the new decision can be achieved solely through prospective application, and the effect of retroactive application on the administration of justice. *See* Annot., 10 A.L.R. 3d 1371, at § 2. This Court has implicitly recognized that the decision on retroactivity involves a balancing of countervailing interests. *E.g., MacDonald v. University of North Carolina*, 299 N.C. 457, 263 S.E. 2d 578 (decision abolishing sovereign tort immunity applied prospectively because of vested contract rights); *Rabon v. Rowan Memorial Hospital, Inc.*, 269 N.C. 1, 152 S.E. 2d 485 (1967) (decision abolishing charitable immunity applied prospectively because of justified reliance on prior

case law); *State v. Bell,* 136 N.C. 674, 49 S.E. 163 (1904) (contractual rights acquired by virtue of the prior construction will not be disturbed by a subsequent overruling decision); *see Wilkinson v. Wallace,* 192 N.C. 156, 134 S.E. 401 (1926) (when contracts have been made and rights acquired in reliance on a prior decision, the contracts will not be invalidated nor vested rights impaired by a subsequent decision).

[1] By overruling a prior decision, a court implicitly recognizes that the old rule has lost its viability and should no longer be the law. Unless compelling reasons, such as those noted above from our prior cases, exist for limiting the application of the new rule to future cases, we think that the overruling decision should be given retrospective effect.

[2] Thus, we begin with the presumption of retroactivity and will apply the rule in *Nicholson* retroactively unless there exists a compelling reason for not doing so. Defendant contends there are three compelling reasons to apply *Nicholson* prospectively only: (1) because he justifiably relied on the prior case law, (2) because the purpose behind the *Nicholson* decision can be fully achieved through prospective application, and (3) because retroactive application of *Nicholson* would be unduly burdensome on the administration of justice.

Defendant first contends that in reliance on our decisions in *Hinnant* and *Helmstetler* he failed to procure insurance to protect against the additional risk of liability for loss of consortium. We find this argument unpersuasive. Justifiable failure to procure insurance has been accepted by this Court as a reason to limit the effect of an overruling decision only when the decision abolishes a common law immunity from tort liability. *Rabon v. Rowan Memorial Hospital, Inc.,* 269 N.C. 1, 152 S.E. 2d 485. Defendant cites to us cases from other jurisdictions accepting such a justifiable reliance argument, but these decisions, too, deal with the abolition of immunity: *Molitor v. Kaneland Community Unit District No. 302,* 18 Ill. 2d 11, 163 N.E. 2d 89 (1959), *cert. denied,* 362 U.S. 968 (1960) (abolition of tort immunity of school districts); *Parker v. Port Huron Hospital,* 361 Mich. 1, 105 N.W. 2d 1 (1960) (abolition of charitable immunity); *Spanel v. Mounds View School District No. 621,* 264 Minn. 279, 118 N.W. 2d 795 (1962) (abolition of school districts' tort immunity). When an immunity is abolish-

Cox v. Haworth

ed, the defendant suddenly becomes liable for all torts; when a new claim is recognized, the extent of liability increases. The difference between the fact of liability and the extent of liability is an important one. The former affects the decision whether to purchase insurance at all; the latter is merely one factor, among many, which is considered in deciding how much insurance to purchase. The effect of liability for loss of consortium on the decision of how much insurance to purchase is a matter of speculation and, in our opinion, would be minimal in comparison to other factors. We agree with the Supreme Court of Wisconsin that:

> The degree of reliance a tortfeasor might have placed on a wife's inability to recover consortium damages would be insignificant if existent. Certainly the tort was not committed with this in mind and the degree to which it may have influenced the decision whether or not to purchase liability insurance would be less than minimal. Nor will it effect (sic) the monetary limits of liability of the insurance carrier.

*Fitzgerald v. Meissner & Hicks, Inc.,* 38 Wis. 2d at 578, 157 N.W. 2d at 598.

Neither can we agree with defendant's contention that the purpose behind the decision to allow an action for loss of consortium can be fully achieved through prospective application. The purpose of the *Nicholson* decision was to afford decent compensation to those injured by the wrongful conduct of others when the conduct impairs the service, society, companionship, sexual gratification and affection that is a vital part of the marital relationship. *Nicholson v. Hugh Chatham Memorial Hospital, Inc.,* 300 N.C. at 300, 302, 266 S.E. 2d at 821, 822. While prospective application will effectuate this policy with regard to future cases, it will not provide compensation for those injured prior to the *Nicholson* decision. The policy behind *Nicholson* is to compensate the loss of a legitimate interest; that policy can best be achieved by retroactive application.

We also reject defendant's contention that retroactive application of *Nicholson* will unduly burden the administration of justice. While we recognize that problems concerning joinder will arise, these questions are no different from those which arise in other civil cases. The guidance provided by our Rules of Civil Pro-

cedure concerning joinder is adequate to prevent an undue burden on the administration of justice. See Rules 13, 19, 20 & 21.

Our research reveals that most courts have chosen to given an overruling decision recognizing an action for loss of consortium retroactive effect. *Ryter v. Brennan*, 291 So. 2d 55 (Fla. Dist. Ct. App.), *cert. denied*, 297 So. 2d 836 (1974); *Deems v. Western Maryland Railway Co.*, 247 Md. 95, 231 A. 2d 514 (1967); *Shepherd v. Consumers Co-operative Assoc.*, 384 S.W. 2d 635 (Mo. 1964); *Fitzgerald v. Meissner & Hicks, Inc.*, 38 Wis. 2d 571, 157 N.W. 2d 595. Our research revealed only one case in which the court refused to apply the new rule retroactively. In *Thill v. Modern Erecting Co.*, 284 Minn. 508, 170 N.W. 2d 865 (1969), the Minnesota Supreme Court limited its recognition of an action for loss of consortium to future cases, citing *Spanel v. Mounds*, 264 Minn. 279, 118 N.W. 2d 795. *Spanel* limited the rule abolishing sovereign immunity to future cases because of justified reliance on prior case law. As discussed above, we reject the argument, as it applies to recognizing a claim for loss of consortium, that justified reliance dictates prospective application.

We conclude that there are no compelling reasons to limit the effect of *Nicholson* to causes of action accruing after the date it was decided. Our decision recognizing a claim for loss of consortium will be applied retrospectively to all cases or claims pending and not barred by judgment, settlement or the statute of limitations as of 3 June 1980.

For the reasons stated above, we hold that plaintiff may pursue her claim for loss of consortium and remand the cause to the Superior Court, Guilford County, for further proceedings not inconsistent with this opinion.

Reversed and remanded.