STATE OF NORTH CAROLINA v. MASON ALEXANDER KNIGHT

No. 832SC438

(Filed 20 December 1983)

**Criminal Law § 62— polygraph test—results improperly admitted into evidence**

In a prosecution for burning a dwelling house in violation of G.S. 14-65 and for making a false claim in order to procure insurance proceeds in violation of G.S. 14-214, pursuant to *State v. Grier*, 307 N.C. 628 (1983), the trial court erred in admitting the results of a polygraph test even though both parties stipulated that the results could be admitted. Although the rule stated in *Grier* was to be effective in all cases from that date forward, there is no compelling reason for denying the aid of the rule announced in *Grier* to the defendant in this case. Further, since defendant strongly denied that he set the fire, and testified that he gave incriminating statements only because he was led to believe that by doing so, the investigation of the fire would be terminated, the admission of the test results could have unduly influenced the

jury's assessment of defendant's credibility at trial and the admission was prejudicial.

APPEAL by defendant from *Watts, Judge.* Judgment entered 23 September 1982 in MARTIN County Superior Court. Heard in the Court of Appeals 2 December 1983.

Defendant was indicted for willfully and wantonly burning a dwelling house in violation of G.S. § 14-65, and for making a false claim in order to procure insurance proceeds in violation of G.S. § 14-214. He pleaded innocent but was found guilty by a jury.

The evidence tended to show that the house owned and occupied by defendant caught fire on 27 November 1981. No one was home when the Robersonville Fire Department arrived and put out the fire. An investigation revealed that the fire started at four separate points in a bedroom, with no evidence of an electrical or other accidental cause of the fire.

On 15 December 1981 Agent Brinkley of the State Bureau of Investigation (hereinafter, S.B.I.) went to defendant's place of employment and asked defendant to take a polygraph examination. Defendant agreed to go with Agent Brinkley to an S.B.I. office for the polygraph examination. Once there, Agent Godley explained the nature and purpose of the polygraph test to defendant. He also informed defendant of his right to remain silent, his right to an attorney, and the other warnings specified in *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 2d 694 (1966). Agent Godley then advised defendant not to take the polygraph test if he had been involved in the fire, but to take it if he had not been involved.

Defendant stated that he did not want to take the test. He then admitted starting the fire by throwing a lighted cigarette into some papers in the bedroom and leaving. Defendant was again advised of his *Miranda* rights. He executed a written confession to the effect that he had started the fire, and executed a written waiver of his right to remain silent and right to have an attorney present. At that point, defendant was arrested.

Defendant later obtained legal counsel and decided to take the polygraph examination. He stipulated that the results would be admissible as evidence of his credibility. The results indicated

that defendant's denial of involvement with the fire was not truthful.

Defendant's motion *in limine* and motion to suppress the polygraph results and his inculpatory statements were denied. The S.B.I. polygraph examiner testified at trial about the test results. Defendant testified that his confessions were not made freely and voluntarily, and that he did not start the fire.

From judgment on the verdicts of guilty, defendant appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Thomas B. Wood, for the State.*

*Brandon and Cannon, by Glen E. Cannon, for defendant.*

WELLS, Judge.

Defendant contends that the trial court erred in admitting evidence concerning the results of the polygraph test. At the time of defendant's trial, polygraph results were admissible into evidence only when both parties stipulated that they could be admitted. The North Carolina Supreme Court has more recently decided that polygraph evidence is not admissible in any trial, even if the parties stipulate to its admission. *State v. Grier,* 307 N.C. 628, 300 S.E. 2d 351 (1983). Based on the analysis in *Grier,* we hold that admission of polygraph evidence in the present case constituted reversible error.

The court in *Grier* stated, "we have never retreated from our basic position that polygraph evidence is inherently unreliable." *Id.* at 642. The court then reasoned that a stipulation as to admissibility did nothing to enhance the reliability of polygraph results. *Id.* Accordingly, *Grier* held that polygraph evidence could not be admitted under any circumstances.

The *Grier* court announced that the rule barring polygraph evidence from trial would be effective in all cases from that date forward. Although *Grier* implied that the ruling was prospective only, the court did not discuss the issue of retroactive application of the rule barring polygraph evidence. In *Cox v. Haworth,* 304 N.C. 571, 284 S.E. 2d 322 (1981), the court discussed at length the policy implications inherent in giving retrospective effect to a decision overruling existing case law, and then expressed the general rule as follows:

By overruling a prior decision, a court implicitly recognizes that the old rule has lost its viability and should no longer be the law. Unless compelling reasons . . . exist for limiting the application of the new rule to future cases, we think that the overruling decision should be given retrospective effect.

Defendant in the present case was tried seven months after the *Grier* trial. The defendant in *Grier* was given a new trial because inherently unreliable polygraph evidence was used against him. Defendant in the present case having been convicted with the aid of inherently unreliable polygraph evidence, we conclude that the fair and equal administration of justice requires that defendant be given the benefit of the reasoning in *Grier*. We find no compelling reason for denying the aid of the rule announced in *Grier* to the defendant in this case.

Defendant also contends the trial court erred in failing to suppress the inculpatory statements he made on 15 December 1981. The trial court made findings that defendant was advised of his *Miranda* rights, that he waived the rights to remain silent and to have an attorney present, and that defendant made his statements freely and voluntarily, with a full understanding of his rights. Competent evidence in the record supports these findings. Trial court findings following a *voir dire* hearing on the voluntariness of a confession are conclusive on appeal if supported by competent evidence. *State v. Rook*, 304 N.C. 201, 283 S.E. 2d 732 (1981). The findings support the trial court's conclusions of law that defendant's constitutional rights were not violated when he made his statements. Consequently, there is no error in that part of the trial court order which denied the motion to suppress defendant's inculpatory statements.

The state contends that in the light of defendant's two incriminating statements to the effect that defendant deliberately started the fire, the admission of the polygraph evidence could not have been prejudicial. We disagree. At trial, defendant strongly denied that he set the fire, and testified that he gave the incriminating statements only because he was led to believe that by so doing, the investigation of the fire would be terminated. Under such circumstances, the results of the polygraph test, i.e., that defendant's test responses were not truthful, could have un-

duly influenced the jury's assessment of defendant's credibility at trial, *Grier, supra.*

New trial.

Judges WEBB and WHICHARD concur.