STATE OF NORTH CAROLINA v. SAMUEL LAWRENCE WILLIAMS

No. 8310SC642

(Filed 7 February 1984)

**Criminal Law § 62— results of polygraph test improperly admitted**
  In a prosecution for robbery with a firearm, the trial court erred in allowing into evidence the results from two polygraph tests administered to defendant.

  Judge JOHNSON dissenting.

APPEAL by defendant from *Bowen, Judge*. Judgment entered 19 January 1983 in Superior Court, WAKE County. Heard in the Court of Appeals 16 January 1984.

Defendant was convicted of robbery with a firearm.

*Attorney General Edmisten, by Dennis P. Myers, Assistant Attorney General, for the State.*

*Kimzey, Smith, McMillan and Roten, by Duncan A. McMillan, for defendant-appellant.*

VAUGHN, Chief Judge.

Defendant raises several arguments on appeal, one of which we find to be of merit. Prior to trial, defendant, defense counsel, and the prosecutor stipulated to the admissibility at trial of polygraph evidence. On the day of trial, however, defendant moved to exclude this evidence. The trial judge denied defendant's motion and allowed into evidence the results from two polygraph tests administered to defendant. Defendant argues that the admission of these polygraph results and the accompanying testimony of the SBI polygraphist constituted prejudicial error. We agree.

In *State v. Grier*, 307 N.C. 628, 300 S.E. 2d 351 (1983), our Supreme Court held that polygraph evidence is inadmissible even if the parties have stipulated to admissibility. The questionable reliability of and the undue weight a jury may give polygraph evidence are factors that remain even when parties have waived objections regarding admissibility. *See Id.*

The Court in *Grier* held that polygraph evidence would not be admissible in the retrial of that case or in the trial of any case commencing after the certification of the opinion.

The *Grier* opinion was filed 8 March 1983. The trial of the case before us was concluded on 19 January 1983. In *Grier*, the Court held that polygraph evidence was inherently unreliable. In the light of that decision, it is obvious that defendant in the present case was convicted, in part, on evidence the Supreme Court has held to be inherently unreliable.

The defendant here has properly raised the question and presented it on direct appeal. We, therefore, see no reason why we should not correct the error and allow a new trial in which the inherently unreliable evidence must be excluded.

The same conclusion was reached on similar facts by another panel of this Court in *State v. Knight*, 65 N.C. App. 595, --- S.E.

State v. Williams

2d --- (filed 20 December 1983) with Wells, J., writing for the panel, Webb and Whichard, JJ., concurring. We are in accord with the reasoning and result in that case.

We will apply the rule in *Grier* to all cases coming to us on *direct appeal*, whether the case was tried before or after *Grier*, if, and only if, the question is properly raised and briefed.

New trial.

Judge WEBB concurs.

Judge JOHNSON dissents.

Judge JOHNSON dissenting.

I respectfully dissent. It is clear that the majority has overruled the mandate of the Supreme Court in *Grier* which states unequivocally that the rule announced in *Grier* shall be applied prospectively. The trial of the case at bar occurred before the certification of the *Grier* opinion.