STATE OF NORTH CAROLINA v. WILLIAM HENRY JOINES

No. 831SC700

(Filed 7 February 1984)

**1. Criminal Law § 62— admission of polygraph test—prejudicial error**

   The trial court erred in the admission of the results of a polygraph examination of defendant even though defendant's attorney had stipulated that the results of the examination could be used at trial by either party, and such error was prejudicial to defendant where defendant's credibility was a crucial aspect of his defense.

**2. Criminal Law § 66.4— chest lineup—competency in rape trial**

   A rape victim's identification of defendant's chest as the chest of her assailant in a lineup of males undressed from the waist up with their faces covered was probative and competent.

APPEAL by defendant from denial of motion to suppress by *Walker, Russell G., Judge,* on 4 October 1982 in CURRITUCK County Superior Court, and from sentencing by *Phillips, Herbert O., III, Judge,* 8 November 1982 in DARE County Superior Court. Heard in the Court of Appeals 18 January 1984.

Defendant was charged in a proper bill of indictment with second degree rape of a physically helpless person, second degree sexual offense against a physically helpless person, crime against nature, and felonious breaking and entering.

At trial the state's evidence tended to show that on 3 October 1981, Jennifer Meredith, who suffered from multiple sclerosis, was at home alone in her mobile home on Baker's Road in Universal Park. Shortly after noon, a man wearing a brown ski mask, "doctor's gloves," brown corduroy pants, and "earth" shoes entered Ms. Meredith's home without her permission and engaged her in conversation. The man took her into her bedroom, placed a plastic sheet on the bed, took all his clothes off except for the ski mask and gloves and raped her. After carrying her back to the living room for more conversation, the man returned her to the bedroom where he again raped her and penetrated her vagina and anus with a vibrator. The man left her residence at about 2:00 p.m. During a later search of defendant's residence in Universal Park in an unrelated case, police officers discovered a plastic sheet, plastic gloves, a vibrator, brown pants, and a brown ski mask, all similar to those used by the man who attacked Ms. Meredith. At a police lineup of males undressed from the waist

up, not revealing their faces, Ms. Meredith identified defendant's chest and nipples as being those of the man who attacked her. A polygraph test was administered to defendant with respect to the attack on Ms. Meredith. The results indicated defendant was lying when he denied raping Ms. Meredith.

Defendant's evidence tended to refute that the place where officers found the plastic sheet, gloves, pants and ski mask was his residence, and tended to show Ms. Meredith's identification of him was tentative or uncertain. Defendant also relied on alibi evidence which tended to show that he was in Norfolk, Virginia at the time Ms. Meredith was attacked.

Defendant was convicted of all charges. From judgments entered on the verdicts, defendant has appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Archie W. Anders, for the State.*

*Aycock & Spence, by W. Mark Spence, for defendant.*

WELLS, Judge.

[1] In his first assignment of error, defendant contends that the trial court erred in denying his motion to suppress the results of a polygraph examination of defendant taken before trial. Defendant's first lawyer had stipulated that the results of the examination could be used at trial by either party, or, that if defendant refused the examination, such refusal could be used against him at trial. Defendant's trial counsel's motion to suppress was denied and at trial, the polygraph examiner's testimony, was admitted. In *State v. Knight*, 65 N.C. App. 595, --- S.E. 2d --- (filed 20 December 1983) we held that our supreme court's ruling on the prejudicial effect of polygraph evidence in *State v. Grier*, 307 N.C. 628, 300 S.E. 2d 351 (1983) required a new trial in cases decided subsequent to *Grier* where the use of polygraph evidence was prejudicial to defendant. *See also State v. Holden*, 66 N.C. App. 202, --- S.E. 2d --- (1984). In this case, defendant testified, denying his guilt and asserting an alibi. Under such circumstances, defendant's credibility was a crucial aspect of his defense, and the use of the polygraph results against him was clearly prejudicial, requiring a new trial.

[2] In another assignment of error, defendant contends that the trial court erred in not granting his motion to dismiss the charges against him. In his argument, defendant emphasizes and relies upon two aspects of the trial: one, the lack of reliability inherent in identification of defendant by means of a chest lineup; and two, significant inconsistencies in Ms. Meredith's recollection of the physical characteristics of her attacker. Recognizing the unusual, if not ingenious use, of a chest lineup under the circumstances of this case, we nevertheless hold such evidence to be probative and competent. It was for the jury to give such testimony its proper weight. The record at trial does indicate that Ms. Meredith's recollection as to those parts of her attacker's anatomy which she was able to see were at times inconsistent. Such aspects of her testimony simply involved questions of credibility and weight, to be decided by the jury.

After careful review of the record, including Ms. Meredith's testimony and the substantial circumstantial evidence tending to identify defendant as the perpetrator of the offenses with which he was charged, we conclude the evidence was clearly sufficient to allow the case to go to the jury. This assignment is overruled.

As there must be a new trial, we deem it unnecessary to address defendant's other assignments of error and arguments.

New trial.

Judges BRASWELL and PHILLIPS concur.