STATE OF NORTH CAROLINA v. SAMUEL LAWRENCE WILLIAMS

No. 78A84

(Filed 6 July 1984)

**Criminal Law § 62— misapplication of Supreme Court decision concerning polygraph tests**

Where the trial of defendant was concluded prior to the certification of the Supreme Court's decision in *State v. Grier*, 307 N.C. 628 (1983), the Court of Appeals erroneously applied the new rules set forth in *Grier* to the case *sub judice*, and the case must be remanded to that court with instructions to hear the case on its merits.

APPEAL by the State pursuant to N.C. Gen. Stat. § 7A-30(2) from the decision of the Court of Appeals, 66 N.C. App. 374, 311 S.E. 2d 375 (1984) (*Chief Judge Vaughn*, with *Judge Webb* concurring and *Judge Johnson* dissenting), vacating judgment against defendant entered by *Bowen, J.*, at the 17 January 1983 Criminal Session of Superior Court, WAKE County.

Defendant was found guilty of armed robbery and received a fourteen year sentence. A more detailed recitation of the facts of the alleged crime is not necessary to this opinion, since the sole assignment of error before us involves a legal interpretation by the Court of Appeals. Although the defendant-appellee brings forward two assignments of error, our review is limited to a consideration of that issue which forms the basis for the dissenting opinion from the Court of Appeals. *See*: Rule 16 of the North Carolina Rules of Appellate Procedure.

*Rufus L. Edmisten, Attorney General, by Dennis P. Myers, Assistant Attorney General, for the State.*

*Duncan A. McMillan, for the defendant-appellee.*

COPELAND, Justice.

Several months prior to trial, the defendant, his attorney and the prosecutor signed a stipulation agreeing to the admissibility of polygraph evidence at trial. At a hearing immediately prior to trial, defendant moved to suppress evidence of both the testimony of the S.B.I. agent who administered the polygraph examination to defendant and the results of that polygraph examination. After

*voir dire*, the trial court denied the defendant's motion and ordered that the results were properly admissible.

On appeal, the Court of Appeals agreed with the defendant that the admission of these polygraph results and the accompanying testimony of the S.B.I. polygraphist constituted prejudicial error. That court relied on our recent case of *State v. Grier*, 307 N.C. 628, 300 S.E. 2d 351 (1983), where we held that polygraph evidence, even that to which the parties have stipulated to its admissibility, is inadmissible.

The Court of Appeals concluded as follows:

> The Court in *Grier* held that polygraph evidence would not be admissible in the retrial of that case or in the trial of any case commencing after the certification of the opinion.

> The *Grier* opinion was filed 8 March 1983. The trial of the case before us was concluded on 19 January 1983. In *Grier*, the Court held that polygraph evidence was inherently unreliable. In the light of that decision, it is obvious that defendant in the present case was convicted, in part, on evidence the Supreme Court has held to be inherently unreliable.

> The defendant here has properly raised the question and presented it on direct appeal. We, therefore, see no reason why we should not correct the error and allow a new trial in which the inherently unreliable evidence must be excluded.

*Williams* at 375, 311 S.E. 2d at 376.

Although we concluded in *Grier* that polygraph evidence is inherently unreliable, we limited the rule of inadmissibility by applying that rule prospectively. We said in pertinent part that:

> The rule herein announced shall be effective in all trials, civil and criminal, commencing on or after the certification of this opinion, including the retrial of this case.

*Id.* at 645, 300 S.E. 2d at 361.

The trial of this defendant was concluded prior to the certification of this Court's decision in *Grier*. Thus, the rule announced in *Grier* has no application to the case *sub judice*. We stated unequivocally that the *Grier* decision was to be applied

prospectively and the Court of Appeals should have followed the mandate of this Court in that regard.

Since the Court of Appeals erroneously applied the new rules set forth in *Grier* to the case *sub judice*, the decision of the Court of Appeals is therefore reversed and the case is remanded to that court with instructions to hear the case on its merits.

Reversed and remanded.