State v. Williams

No. 8310SC642

(Filed 1 October 1985)

1. **Indictment and Warrant § 5— notice of return of indictment mailed to wrong address—no prejudice**

The trial court did not err in a prosecution for robbery with a dangerous weapon by denying defendant's motion to dismiss for lack of jurisdiction and his alternative motion for a continuance to clear up jurisdictional questions where notice of the return of the bill of indictment was mailed to the wrong address. There is nothing in G.S. 15A-630 to indicate that the mailing of the return of indictment is jurisdictional and, while the record is unclear as to when counsel was obtained by defendant, defendant was represented by counsel approximately two weeks after notice of indictment was mailed and had ample time for discovery.

State v. Williams

### 2. Criminal Law § 62— polygraph test—admissible

The trial court did not err by admitting the results of a polygraph examination and the polygraphist's accompanying testimony in a case tried before *State v. Grier*, 307 N.C. 628, where the provisions of the stipulation allowing the introduction of the test were complied with in that defendant's counsel was present at the polygraph examination and was given the opportunity to present materials to the examiner, and there was no prejudice from the failure to provide defendant with the results of a first test in writing because he was orally advised that he had failed the first test, demanded a second test pursuant to the terms of the stipulation, and the results of the second test were released to defendant both orally and in writing. Alleged procedural defects in the test were pointed out during defendant's examination of the polygraphist, and the court did not abuse its discretion in ruling the results admissible.

### 3. Criminal Law § 66.9— armed robbery—photographic identification—no error

In a prosecution for the robbery of an A & P with a dangerous weapon, the pretrial photographic procedures from which the store manager identified defendant were not unduly suggestive and conducive to a likelihood of irreparable misidentification where defendant was the only person to have photographs in both arrays shown to the witness, the background of the photograph of defendant in the second array, which the witness selected, was different from the backgrounds of the other photographs, and a police officer remarked prior to the showing of the second array that he thought the robber's picture was in that array. The store manager observed the robber for five or six seconds from a distance of twelve to fifteen feet before the robber put a bandana over his face, the store manager observed the robber for twelve to fifteen minutes with the bandana over the robber's face, the manager selected a photo of defendant from the first array as the photograph which most closely resembled the robber but thought the person's complexion was too light, and selected a more recent photograph of defendant immediately upon being shown the second photographic array. The store manager also testified that his in-court identification was based upon his seeing defendant in the store.

### 4. Criminal Law § 175.2— armed robbery—denial of recess to locate witness—no abuse of discretion

The trial court did not abuse its discretion in a prosecution for robbery with a dangerous weapon by denying defendant's motion for a recess to enable him to locate a witness where defendant sought to introduce the testimony of a police officer to show that the descriptions of the robber initially given by the eyewitnesses differed greatly from the descriptions given later by them, defendant did not subpoena this witness prior to trial, and defendant had the opportunity to cross-examine the eyewitnesses as to any inconsistent statements they may have made.

APPEAL by defendant from *Bowen, Judge.* Judgment entered 19 January 1983 in Superior Court, WAKE County. Originally heard in the Court of Appeals 16 January 1984.

Defendant was tried on a bill of indictment charging him with robbery with a dangerous weapon. The State's evidence tended to show that the A & P Grocery store on Hillsborough Street in Raleigh, North Carolina was robbed by an individual armed with a small handgun. The store manager identified this individual as defendant both in court and out of court from a photograph line-up. Defendant was found guilty as charged. From a judgment imposing an active sentence, defendant appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Dennis P. Myers, for the State.*

*Duncan A. McMillan, for defendant appellant.*

JOHNSON, Judge.

This case is back before us on remand from the Supreme Court with directions to address issues not considered in our previous opinion, in which the majority of the panel awarded a new trial by prospectively applying the rule of *State v. Grier*, 307 N.C. 628, 300 S.E. 2d 351 (1983), that polygraph evidence, even when parties have stipulated to its admissibility, is inadmissible. *See State v. Williams*, 66 N.C. App. 374, 311 S.E. 2d 375 (1984). The Supreme Court reversed, holding that the *Grier* rule was limited in its application to the *Grier* case and to those trials commencing on or after the certification of the *Grier* opinion. Since defendant's trial concluded before the *Grier* opinion was ever filed, the *Grier* rule did not apply. *See State v. Williams*, 311 N.C. 395, 317 S.E. 2d 396 (1984). We now consider the appeal on the merits.

[1] By his first and fifth assignments of error, defendant contends the court erred in denying his motion to dismiss the action for lack of jurisdiction and in denying his alternative motion to continue to clear up "jurisdictional questions." Defendant argues the court did not have jurisdiction over him because he never received notice of return of the bill of indictment as required by G.S. 15A-630. The record shows that the notice of return of bill of indictment mailed to defendant at 1401 B-1 Stovall Drive, Raleigh, North Carolina was returned by the United States Postal Service. Defendant's address was 1404 B-1 Stovall Drive, Raleigh, North Carolina, where he was served with the warrant. G.S. 15A-630 requires the presiding judge to cause notice of the indictment to be

mailed or otherwise given to the defendant unless he is then represented by counsel. There is nothing in G.S. 15A-630 to indicate that the mailing of the return of indictment is jurisdictional. Indeed, the Official Commentary to G.S. 15A-630 indicates that the statute was enacted simply to establish a starting point for beginning the running of the period for discovery. Moreover, notice need not be mailed to defendant if he is represented by counsel. The record is unclear as to when counsel was obtained by defendant. The record is clear, however, that defendant was represented by counsel on 17 September 1982, approximately two weeks after notice of indictment was mailed on 2 September 1982, well before his trial began on 17 January 1983. Defendant thus had ample time for discovery. Defendant has shown no prejudice. These assignments of error are overruled.

[2]  By his second and eighth assignments of error, defendant contends the court erred in admitting the results of the polygraph examination and the polygraphist's accompanying testimony. Since *State v. Grier, supra,* does not have retroactive application, these questions must be decided by the law in effect prior to the opinion in *State v. Grier.* These principles are as follows: Polygraph evidence is not admissible in the absence of a valid stipulation executed by the parties permitting its admission. *State v. Milano,* 297 N.C. 485, 256 S.E. 2d 154 (1979). The provisions of the stipulation must be strictly complied with. *State v. Meadows,* 306 N.C. 683, 295 S.E. 2d 394 (1982). If the graphs and the examiner's opinion are offered, the opposing party must be given the opportunity to cross-examine the examiner regarding the examiner's qualifications and training, the conditions under which the test was given, and the limitations and possibilities of error of polygraph examinations. *State v. Steele,* 27 N.C. App. 496, 219 S.E. 2d 540 (1975). Notwithstanding the stipulation as to admissibility, the admissibility of the test results is within the discretion of the trial judge, who may choose to exclude the evidence because of dissatisfaction with the qualifications of the examiner or with the conditions under which the test was conducted. *Id.*

Defendant presents a two prong argument against the admissibility of the results in the present case. He first argues the terms of the stipulation were not complied with in two respects: (1) his counsel was not given the opportunity to provide reports

and statements to assist the examiner in formulating questions as required by the terms of the stipulation; and (2) defendant's counsel was not given a written report of the results as required by the terms of the stipulation. Defendant presented these identical objections to the trial court. Under questioning by the court, defendant's counsel conceded that he was present at the polygraph examination and was given the opportunity to present questions for the examiner to ask and that he was never told that he could not present materials to the examiner. The examiner testified that he formulated his questions from information given him by defendant and a Raleigh police detective. We hold the former condition was complied with. As for the provision of a written report, the stipulation provided that the results of the examination were to be released to the State's and defendant's counsel orally and in writing. Defendant was given two polygraph tests. When he was orally advised that he had failed the first test, he demanded a second test pursuant to the terms of the stipulation. The results of the second examination were released to defendant both orally and in writing. Although the results of the first test were not released to defendant in writing, defendant has shown no prejudice. We hold the terms of the stipulation were sufficiently complied with.

Defendant also argues, by pointing out alleged defects in the procedures used, that the test results were inadmissible and that there was an insufficient basis to support the court's findings. Defendant pointed out these alleged deficiencies during his examination of the polygraphist. The court heard this testimony and in its discretion ruled the results were reliable and admissible. We have carefully reviewed the record and find there was no abuse of discretion. There was ample evidence to support the court's finding.

[3] By his third assignment of error, defendant contends that the court erred in admitting the store manager's in-court identification testimony because the pretrial photographic procedures were unduly suggestive, and conducive to a likelihood of irreparable misidentification. In addressing this assignment of error, we must employ a two step process. First, we must determine whether an impermissibly suggestive procedure was used. If so, we must then determine whether, under all the circumstances, the suggestive procedures employed gave rise to a substantial likeli-

hood of irreparable misidentification. *State v. Leggett*, 305 N.C. 213, 287 S.E. 2d 832 (1982). The test we must apply is whether the pretrial procedure was so unnecessarily suggestive and conducive to irreparable mistaken identity as to offend fundamental standards of decency and justice. *Id.*

Defendant argues that the pretrial procedure used was unduly suggestive because (1) defendant was the only one to have a photograph in both arrays of photographs shown to the State's identification witness; (2) the background in the photograph of defendant in the second array, which the witness selected as being the robber, was different from the backgrounds of the other photographs; and (3) prior to showing the witness the second array, a police officer remarked that he thought the robber's picture was in that array. None of these, standing alone, however, are so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. *See, e.g., State v. Leggett, supra* (photographs of defendant were only common photographs); *State v. Conyers*, 33 N.C. App. 654, 236 S.E. 2d 393, *app. dismissed*, 293 N.C. 362, 238 S.E. 2d 150 (1977) (photograph of defendant had distinctive border); *United States v. Lincoln*, 494 F. 2d 833 (9th Cir. 1974) (defendant's photograph only one in color); *State v. Davis*, 297 N.C. 566, 256 S.E. 2d 184 (1979) (police statement that picture of suspect in array). Nor do we believe these factors, taken together, were so unduly suggestive as to give rise to a substantial likelihood of irreparable misidentification under the totality of circumstances in this case. The store manager testified on voir dire that he observed the robber for five or six seconds from a distance of twelve to fifteen feet before the robber put a bandana over his face. He also observed him for twelve to fifteen minutes with the bandana over the robber's face. From the first photographic array, he selected a photo, one of the defendant, which most closely resembled the robber, but he thought the person's complexion was too light. When shown the second photographic array, which included a more recent photograph of defendant, he immediately selected the photograph of defendant as being the robber. The store manager also testified that his in-court identification of defendant was based upon his seeing the defendant in the store that evening.

By his fifth assignment of error, defendant contends the court erred in denying his motion to dismiss for insufficiency of

the evidence. He argues that without the polygraph evidence and the identification evidence, there was no evidence to connect defendant with the crime. As we have held, *supra*, this evidence, however, was properly admitted. This assignment of error is summarily dismissed.

[4]   By his sixth assignment of error, defendant contends that the court erred in denying his motion for a recess to enable defendant to locate one of his witnesses. A motion to recess to enable one to locate witnesses is addressed to the discretion of the trial court. *State v. Ford*, 297 N.C. 144, 254 S.E. 2d 14 (1979). We find no abuse of discretion in the present case. Defendant sought to introduce the testimony of this witness, a police officer, to show that the descriptions of the robber initially given by the eyewitnesses differed greatly from the descriptions given later by them. Defendant, however, did not subpoena this witness prior to trial. Moreover, he had the opportunity to cross-examine the eyewitnesses as to any inconsistent statements they may have made.

By his remaining assignments of errors defendant contends the court erred in denying his post-verdict motions for relief from the verdict due to errors made at trial. For the reasons stated, *supra*, we hold defendant received a fair trial, free from prejudicial error. These motions were properly overruled.

No error.

Chief Judge HEDRICK and Judge WEBB concur.