RICHARD JAMES MROSLA v. HYMAN FELDMAN AND FELDMAN'S LIMITED

No. 8714SC1077

(Filed 17 May 1988)

**Husband and Wife § 9; Rules of Civil Procedure § 19— loss of consortium claim— denial of motion to join—dismissal for failure to join improper**

The trial court erred in denying plaintiff's motion to join his loss of consortium claim with his wife's personal injury action and in dismissing his claim for loss of consortium on the ground that it was not joined with his wife's action.

ON a Writ of Certiorari, plaintiff appeals from *Thomas H. Lee, Judge.* Judgment entered 24 April 1986 in Superior Court, DURHAM County. Heard in the Court of Appeals 14 April 1988.

*Richard James Mrosla, pro se.*

*Hedrick, Eatman, Gardner & Kincheloe, by Mel J. Garofalo and Brian D. Lake, for defendant-appellees.*

BECTON, Judge.

Plaintiff, Richard Mrosla, initiated this action seeking to recover for property damages and loss of consortium due to the negligence of defendants, Hyman Feldman and Feldman's Limited. The trial judge granted defendants' motion for partial summary judgment regarding plaintiffs' claim for loss of consortium. Plaintiff appeals. We reverse.

On 4 February 1982, plaintiff's wife, while driving a vehicle owned by plaintiff, collided with a vehicle owned by defendant Feldman's Limited and operated by defendant Hyman Feldman. In early December 1984, an attorney filed a personal injury action against defendants on behalf of plaintiff's wife. By letter dated 7 December 1984, the attorney advised plaintiff that the law firm did not think it should undertake to represent plaintiff's claims since it was representing plaintiff's wife. After unsuccessfully attempting to procure an attorney, plaintiff instituted the present action on 24 January 1985 by filing a complaint, which he subsequently amended on 1 February 1985. He sought to recover for damages to his vehicle. He also alleged and sought the following in paragraph 3(b) of his amended complaint:

> The plaintiff, while not in the accident himself, was emotionally traumatized and affected by the negligent driver's carelessness. As a result of defendant's negligence plaintiff had to watch his wife's excruciating pain and suffering, he had to nurse and care for her during recovery, he shared his wife's embarrassment over temporary and permanent disfigurement and scarring, he experienced shock with total inconvenience for over a month and could not resume his normal activities while his wife was incapacitated, he endured great psychological strain with a severe loss of sleep, he had to take medications he would not have normally taken, he endured great mental anguish and irritability as his wife's condition persisted, he developed a permanent change in sleeping habits that needed clinical help at about 2½ years, and he was damaged financially, physically and emotionally.

Plaintiff suffered a great loss of service, society, companionship, sexual gratification and affection because of his wife's physical and psychological injuries. Plaintiff contends that there does not exist a monetary yardstick for determining a value of these personal damages. The tangible and intangible elements of plaintiff's loss of consortium, and other personal damages past and future must be determined by a jury trial. Plaintiff places his personal damages at a sum of not less than $25,000.00.

On 15 March 1985, defendants filed an answer in which they moved to dismiss the complaint for failure to state a claim. They also moved for summary judgment on 27 January 1986. On 17 March 1986, plaintiff filed a motion to join his claim in paragraph 3(b) with his wife's action. On 20 March 1986, defendants filed a motion to consolidate plaintiff's case with his wife's case.

On 23 April 1986, Judge Thomas Lee granted partial summary judgment for defendants with respect to plaintiff's loss of consortium claim in paragraph 3(b) because the claim was not joined with the action of his wife. Judge Lee directed a jury trial on plaintiff's property damage claim. Judge Lee also subsequently denied defendants' motions for consolidating the actions.

Plaintiff's wife received a jury verdict in the amount of $30,000 on 13 September 1986. Plaintiff received a jury verdict in the amount of $700 on his property damage claim on 19 January 1987. He did not give notice of appeal. We allowed plaintiff's petition for writ of certiorari on 25 June 1987.

By his two assignments of error, plaintiff essentially presents one question: whether the court erred in dismissing paragraph 3(b) of his complaint.

In *Nicholson v. Hospital*, 300 N.C. 295, 266 S.E. 2d 818 (1980), claims for loss of consortium were recognized again after having been abolished. To preclude the possibility of double recovery, one of the reasons given for abolishing the claims, the Court held that a spouse could "maintain a cause of action for loss of consortium due to the negligent actions of third parties so long as that action for loss of consortium is *joined with any other suit the other spouse may have instituted* to recover for his or her personal injuries" (emphasis added). *Id.* at 304.

Recognizing that there would be joinder problems with its holding, the Court noted, in *Cox v. Haworth*, 304 N.C. 571, 284 S.E. 2d 322 (1981), that any joinder questions could be answered by the Rules of Civil Procedure, namely Rules 13, 19, 20, and 21. Under Rule 19, a party is a necessary party and must be joined if the party is united in interest with another party. Rule 21 provides that an action should not be dismissed for misjoinder of parties or claims but the claims or parties should be added or dropped by the court on motion by a party or on its own initiative. Since plaintiff's claim for loss of consortium derived from his wife's cause of action for her personal injuries, *South Carolina Ins. Co. v. White*, 82 N.C. App. 122, 345 S.E. 2d 414 (1986), plaintiff was united in interest with his spouse and thus a necessary party to her action. The court, therefore, erred in denying plaintiff's motion to join his loss of consortium claim with his wife's action and in dismissing his claim for loss of consortium on the ground that it was not joined with his wife's action.

The parties in their briefs also raise the issue whether plaintiff could recover for his mental anguish or emotional distress arising out of his wife's injuries. This issue is not properly before this Court because the trial court dismissed the claim for nonjoinder, not for failure to state a claim. In any event, plaintiff's claim for mental anguish is encompassed within his claim for loss of consortium. *See Bailey v. Long*, 172 N.C. 661, 90 S.E. 709 (1916); Byrd, *Recovery for Mental Anguish in North Carolina*, 58 N.C.L. Rev. 435 (1980).

For the foregoing reasons, we reverse the order dismissing plaintiff's claim for loss of consortium and remand for further proceedings consistent with this opinion.

Reversed and remanded.

Judges PHILLIPS and COZORT concur.