STATE v. WILEY LUNSFORD and others.

*False  Imprisonment—Hoax—Fraud.*

False imprisonment is the illegal restraint of one's person against his will;

*Therefore,* where on trial of an indictment for such offence it appeared that defendants went to the prosecutor's house at night, called him up out of bed, represented to him in changed voices that they were in search of a stolen horse, and offered to pay him to accompany them ; and thereupon he mounted behind one of the defendants on his horse, and went voluntarily, without threat or violence from defendants, and after riding a quarter of a mile in a gallop he complained of the uncomfortable mode of transportation, dismounted and discovered he was the victim of a hoax and was left in the road by defendants ;

*It was held,* that the fraud practiced did not impress the transaction with the character of a criminal act.

INDICTMENT for False Imprisonment tried at Spring Term, 1879, of MACON Superior Court, before *Gudger, J.*

The bill charged that the defendants, Wiley Lunsford, Leander Bateman and Nelson Rogers did make an assault

upon one Robert Garrison, and him the said Garrison, un-lawfully and injuriously, against his will, and against the laws of the state and without any legal warrant, authority, or reasonable or justifiable cause whatsoever, did imprison and detain, &c.

The jury returned a special verdict finding the following facts: On the night of the ... day of ......, 1878, the defend-ants went to the house of Robert Garrison, the prosecuting witness, after he had gone to bed, and called him up and represented to him that they were searching for a stolen horse which they understood had gone in the direction of Swain county, and urged him to go with them in search of the horse. The defendants changed their voices and names. After giving them some directions about the roads, the wit-ness yielded to their request to go with them, they offering to pay him. Garrison thought they were the persons they represented themselves to be, and were in search of a stolen horse, and got behind one of them on his horse, when the defendants rode off in a gallop some quarter of a mile before Garrison discovered who they were. He complained of be-ing hurt from the riding, and defendants proposed that he should change and get on behind another one of the de-fendants. He then got down and the defendants rode off, leaving him in the dark about a quarter of a mile from his house. The defendants offered him no violence, nor did him any injury except such as resulted from the rapid rid-ing. Defendants were not in search of a stolen horse, but used the device only for the purpose of perpetrating a prac-tical joke on the prosecutor. Defendants were young men, and the prosecutor, between sixty and seventy years of age.

Upon these facts the court held that the defendants were guilty. Judgment, appeal by defendants.

*Attorney General,* for the State.
*Messrs. Reade, Busbee & Busbee,* for defendants.

34

ASHE, J. False imprisonment is the illegal restraint of the person of any one against his will. The common law was so jealous of the personal liberty of the citizen, that it was regarded as a heinous offence, and the infringement of this right in England under certain circumstances was visited with severe punishment. False imprisonment generally included an assault and battery, and always at least a technical assault; and hence the form of the indictment, which is for an assault and battery and false imprisonment; though there may be a false imprisonment without touching the person of the prosecutor, as where a constable showed a magistrate's warrant to the prosecutor and desired him to go before the magistrate, which he did; without further compulsion. This was held to be a sufficient imprisonment, because the officer solicited a warrant for his arrest, and in going with him, he yielded to what he supposed to be a legal necessity. But there must be a detention, and the detention must be unlawful. 3 Bl. Com., 127.

The prosecutor in this case went voluntarily with the defendants with the expectation of a reward for his trouble. Instead of walking to the point of destination, a short distance from his house, he preferred to mount on the crupper of one of the horses ridden by some of the party, and after going about one-fourth of a mile and discovering that he was the victim of a hoax, he complained of the uncomfortable mode of transportation, and dismounted without objection from any one. He was left all the while to the exercise of his own free will. There was no violence, no touching of his person, no threat, no intimidation of any sort. And the *ruse* employed by the defendants to decoy him from his house we do not think was such a fraud as to impress the transaction with the character of a criminal act. It seems to have been one of those practical jokes that is sometimes practiced without any intention of doing harm, or violating the law; and we are of the opinion that there was no

violation of the criminal law in this case. There is error. Let this be certified, &c.

Error.                                        Reversed.