CAROLYN B. FOWLER v. J. M. VALENCOURT AND CITY OF SALISBURY, NORTH CAROLINA

No. 428PA92

(Filed 30 July 1993)

**Limitations, Repose, and Laches § 44 (NCI4th)— action against police officer—assault and false imprisonment—statute of limitations**

Plaintiff's claims against a police officer for assault and false imprisonment are governed by the three-year statute of limitations of N.C.G.S. § 1-52(13) for actions "against a public officer, for a trespass, under color of his office," rather than the one-year limitation on actions for "libel, slander, assault, battery, or false imprisonment" set forth in N.C.G.S. § 1-54(3), since the term "trespass" includes assault, battery, false imprisonment and false arrest; N.C.G.S. § 1-52(13) thus deals expressly with claims arising out of assault, battery, and false imprisonment by a public officer acting under the color of

his office; and N.C.G.S. § 1-52(13) deals more particularly with the precise situation presented by plaintiff's claims. This decision will not be applied prospectively only because it is not a change in the law. The decisions of *Mobley v. Broome,* 248 N.C. 54, *Evans v. Chipps,* 56 N.C. App. 232, and *Jones v. City of Greensboro,* 51 N.C. App. 571, are overruled to the extent that they conflict with this decision.

**Am Jur 2d, False Imprisonment § 105.**

Justice MEYER dissenting.

Justice MITCHELL dissenting.

On discretionary review pursuant to N.C.G.S. § 7A-31 of the decision of the Court of Appeals, 108 N.C. App. 106, 423 S.E.2d 785 (1992), affirming in part and reversing in part a summary judgment entered by DeRamus, J., on 26 August 1991 in Superior Court, Rowan County. Heard in the Supreme Court 10 May 1993.

*Smith, Follin & James, by Seth R. Cohen and Norman B. Smith, for plaintiff-appellant.*

*Michael B. Brough & Associates, by Michael B. Brough and William C. Morgan, Jr., for defendant-appellees.*

PARKER, Justice.

Plaintiff instituted this civil action for actual and punitive damages against J.M. Valencourt, a police officer for the City of Salisbury, and the City of Salisbury alleging state common-law tort claims for assault, false arrest and imprisonment, and malicious prosecution and a claim for relief pursuant to the federal Civil Rights Act, 42 U.S.C. § 1983. Defendants' answer denied these allegations and asserted the affirmative defense of governmental immunity on the part of the City of Salisbury, the one-year statute of limitations contained in N.C.G.S. § 1-54(3) as to plaintiff's claims for assault and false arrest and imprisonment, and qualified immunity on the part of Officer Valencourt. The trial court granted defendants' motion for summary judgment on all issues and plaintiff appealed to the Court of Appeals.

In its opinion, the Court of Appeals affirmed in part and reversed in part the ruling of the trial court. Summary judgment on plaintiff's claim for malicious prosecution against both defend-

ants and for the section 1983 claim based on false arrest and imprisonment against defendant Valencourt was reversed. Summary judgment on plaintiff's common-law claims for assault and false arrest and imprisonment and for the section 1983 claim based on assault and malicious prosecution against both defendants and for the section 1983 claim against the City of Salisbury was affirmed. The Court of Appeals further affirmed summary judgment on plaintiff's claim for punitive damages against both defendants.

This Court allowed plaintiff's petition for discretionary review of the Court of Appeals' decision that the one-year statute of limitations in N.C.G.S. § 1-54(3), rather than the three-year statute in N.C.G.S. § 1-52(13), was applicable and barred plaintiff's common-law claims for assault and false arrest.

The underlying facts pertinent to plaintiff's claims for assault and false arrest are these. Plaintiff was employed by Rowan County as a data entry operator for the Department of Social Services. On the afternoon of 18 October 1989, plaintiff's sister, Ann Blackwell Dixon, telephoned her at work to pick up their younger brother, Norman Blackwell, at Ms. Dixon's home later that day. When plaintiff arrived at her sister's residence, she found Officer Valencourt investigating the theft of a television set. Officer Valencourt learned through a telephone conversation with a Rowan County Sheriff's Deputy that there were outstanding warrants against Norman Blackwell. When Officer Valencourt informed Ms. Dixon of the warrants for her brother's arrest, she began screaming that he "was not going to arrest her baby brother." Officer Valencourt then instructed Norman Blackwell that the orders for his arrest were en route and that he was not to leave the premises. Notwithstanding this instruction, plaintiff and Norman Blackwell got into plaintiff's automobile and drove away. Officer Valencourt followed in his patrol car and pulled plaintiff's vehicle over approximately two blocks away from Ms. Dixon's residence. Plaintiff was placed under arrest for resisting, delaying, and obstructing a police officer pursuant to N.C.G.S. § 14-223. Another police officer who had arrived at the scene handcuffed plaintiff and seated her in his patrol car. Plaintiff was unruly and uncooperative while being restrained and thereafter complained on several occasions that the handcuffs were too tight. When the handcuffs were later removed, her hands were blistered and numb. At her trial in Rowan County District Court on 8 December 1989 on the charge of resisting, delaying, and obstructing a police officer, plaintiff was found not

FOWLER v. VALENCOURT

[334 N.C. 345 (1993)]

guilty. Plaintiff filed her complaint in this action on 22 October 1990, more than one year from the date of the incident giving rise to her claims.

The sole question before this Court for review is whether N.C.G.S. § 1-54(3) or N.C.G.S. § 1-52(13) is the applicable statute of limitation. Section 1-54(3) places a one-year limitation on actions for "libel, slander, assault, battery, or false imprisonment." N.C.G.S. § 1-54(3) (Supp. 1992). Section 1-52(13) imposes a three-year limitation on actions "[a]gainst a public officer, for a trespass, under color of his office." N.C.G.S. § 1-52(13) (Supp. 1992).

In construing a statute, the Court must first ascertain the legislative intent to assure that the purpose and intent of the legislation are carried out. *Electric Supply Co. v. Swain Electrical Co.*, 328 N.C. 651, 656, 403 S.E.2d 291, 294 (1991). To make this determination, we look first to the language of the statute itself. *Id.* If the language used is clear and unambiguous, the Court does not engage in judicial construction but must apply the statute to give effect to the plain and definite meaning of the language. *Utilities Comm. v. Edmisten, Atty. General*, 291 N.C. 451, 465, 232 S.E.2d 184, 192 (1977). Applying these principles of statutory construction, we examine the language of the statutes at issue.

"False imprisonment," used in N.C.G.S. § 1-54(3), has been defined as "the illegal restraint of the person of any one against his will." *State v. Lunsford*, 81 N.C. 528, 530 (1879). If not lawful or consented to, any restraint is unlawful. *Hales v. McCrory-McLellan Corp.*, 260 N.C. 568, 133 S.E.2d 225 (1963). A technical assault is always committed with false imprisonment. False arrest is a form of false imprisonment. *Mobley v. Broome*, 248 N.C. 54, 56, 102 S.E.2d 407, 409 (1958).

Addressing the meaning of "trespass" in applying former C.S., sec. 443, subsec. 1, the predecessor of both N.C.G.S. § 1-54(1) and N.C.G.S. § 1-52(13), this Court in *Brown v. R.R.*, 188 N.C. 52, 123 S.E. 633 (1924), stated:

> True, in its more general sense, a trespass is sometimes said to include any wrongful invasion of the rights of another, but in its more natural and usual meaning it is properly restricted to unlawful acts done to the person or property of another by violence or force, direct or imputed. It is to acts of trespass in this sense that the one-year statute of limitations applies—

FOWLER v. VALENCOURT

[334 N.C. 345 (1993)]

> that is, a trespass committed by a public officer under color
> of his office and constituting a wrongful invasion of the rights
> of third persons by force shown or imputed, and the statute
> does not and was never intended to apply to a breach of official
> duty in reference to the principal and employer — in this case
> the municipality.

*Id.* at 58, 123 S.E. at 636 (citation omitted). "In all cases where
an injury to the person is done with force and immediately by
the act of the defendant, trespass may be maintained (at common
law, the form of action denominated 'trespass vi et armis.')." 7
Stuart M. Speiser et al., *The American Law of Torts* § 23:4, at
604 (1990). Assault and false imprisonment including false arrest
exist under the umbrella of the ancient action of trespass. *Id.* §§ 26:1,
at 877; 27:1, at 927.

In addition to the rules mandating that the Court discern the
legislative intent from the plain language of the statutes themselves,
another applicable rule of statutory construction must be considered.
This rule, argued by both plaintiff and defendants, is that where
two statutes deal with the same subject matter, the more specific
statute will prevail over the more general one. As stated by this
Court in *Trustees of Rowan Tech. v. Hammond Assoc.*, 313 N.C.
230, 328 S.E.2d 274 (1985):

> Where one of two statutes might apply to the same situa-
> tion, the statute which deals more directly and specifically
> with the situation controls over the statute of more general
> applicability. *National Food Stores v. North Carolina Board
> of Alcoholic Control*, 268 N.C. 624, 151 S.E.2d 582 (1966); *State
> ex rel. Utilities Comm. v. Union Electric Membership Corp.*,
> 3 N.C. App. 309, 164 S.E.2d 889 (1968). "When two statutes
> apparently overlap, it is well established that the statute special
> and particular shall control over the statute general in nature,
> even if the general statute is more recent, unless it clearly
> appears that the legislature intended the general statute to
> control." *Seders v. Powell*, 298 N.C. 453, 459, 259 S.E.2d 544,
> 549 (1979); *Colonial Pipeline Co. v. Neill*, 296 N.C. 503, 251
> S.E.2d 457 (1979).

*Id.* at 238, 328 S.E.2d at 279.

As might be expected, plaintiff argues that N.C.G.S. § 1-52(13)
is the more specific statute because it deals with actions by a

public officer under color of office. Defendants contend that N.C.G.S. § 1-54(3), which specifically mentions assault, battery, and false imprisonment, is the more specific statute. As noted above, the authorities are consistent that the term "trespass" includes assault, battery, false imprisonment, and false arrest. Given this definition, N.C.G.S. § 1-52(13) deals expressly with claims arising out of assault, battery, and false imprisonment by a public officer acting under the color of his office, and thus is a statute "special and particular" rather than a general limitation statute like N.C.G.S. § 1-54(3). In this sense, N.C.G.S. § 1-52(13) deals more particularly with the precise situation presented by plaintiff's claims. *See Trustees of Rowan Tech. v. Hammond Assoc.*, 313 N.C. at 239, 328 S.E.2d at 280. Accordingly, we hold that N.C.G.S. § 1-52(13), not N.C.G.S. § 1-54(3), governs plaintiff's claims for false arrest and assault. While plaintiff has couched her complaint in terms of assault, false imprisonment, and false arrest, "[t]he nature of the action is not determined by what either party calls it," *Hayes v. Ricard*, 244 N.C. 313, 320, 93 S.E.2d 540, 545-46 (1956), but rather "by the issues arising on the pleadings and by the relief sought." *Id.* Moreover, where there is doubt as to which of two possible statutes of limitation applies, the rule is that the longer statute is to be selected. *Dickens v. Puryear*, 302 N.C. 437, 444 n.8, 276 S.E.2d 325, 330 n.8 (1981).

Defendants argue that the issue before the Court was previously decided by this Court in *Mobley v. Broome*, 248 N.C. 54, 102 S.E.2d 407 (1958). The opinion in *Mobley*, however, is silent as to whether the Court considered the statute covering trespass by a public officer under color of his office, which at that time was codified as N.C.G.S. § 1-54(1) and provided a one-year period of limitation. Similarly, the Court of Appeals did not address the applicability of N.C.G.S. § 1-52(13) in *Evans v. Chipps*, 56 N.C. App. 232, 287 S.E.2d 426 (1982), and *Jones v. City of Greensboro*, 51 N.C. App. 571, 277 S.E.2d 562 (1981), also relied upon by defendants. In those cases, the Court of Appeals merely held that the assault and false imprisonment claims were barred by the one-year statute, N.C.G.S. § 1-54(3). The court's opinion in neither case indicates whether the applicability of N.C.G.S. § 1-52(13) to claims for assault and false imprisonment by a public officer was argued. Nevertheless, in view of our holding today, to the extent that *Mobley*, *Evans*, and *Jones* hold that the one-year statute of limitation for false imprisonment and assault and battery is the applicable

statute when a plaintiff alleges claims for false arrest, false imprisonment, and assault and battery by a police officer in the exercise of official duties, those cases are expressly overruled.

The position adopted by the Court today also finds support in the legislative history which repealed former N.C.G.S. § 1-54(1) and made trespass by a public officer under color of his office subject to a three-year period of limitation under N.C.G.S. § 1-52(13). As plaintiff discusses in her brief, Senate Bill 276 which added subsection (13) to section 1-52 is entitled:

> AN ACT TO AMEND G.S. 1-17 SO AS TO ELIMINATE IMPRISONMENT AS A DISABILITY UNDER THE STATUTE OF LIMITATIONS AND TO SUBJECT THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983, TO THE NORTH CAROLINA STATUTE OF LIMITATIONS.

1975 N.C. Sess. Laws ch. 252. Section 2 of Senate Bill 276 provides:

> **Sec. 2.** G.S. 1-52(2) is hereby rewritten to read as follows: "Upon a liability created by statute, either state or federal, unless some other time is mentioned in the statute creating it."

1975 N.C. Sess. Laws ch. 252, § 2. The clear import of this amendment was to bring actions under the federal Civil Rights Act, 42 U.S.C. § 1983, within the purview of the three-year statute of limitations. Section 4 of Senate Bill 276 provided as follows:

> **Sec. 4.** G.S. 1-52 is hereby amended to add a new subsection as follows:

> "(13) against a public officer, for a trespass, under color of his office."

1975 N.C. Sess. Laws ch. 252, § 4. The legislature's simultaneous passage of these two provisions suggests an intention by the legislature to make the limitation period for those causes of action that frequently arise out of transactions forming the basis for a section 1983 claim the same as the period for a section 1983 claim. We note parenthetically that the United States Supreme Court has subsequently ruled that claims under 42 U.S.C. § 1983 will be governed by the statute of limitations applicable to general negligence claims in the state where the claim arose. *Owens v. Okure*, 488 U.S. 235, 102 L. Ed. 2d 594 (1989).

FOWLER v. VALENCOURT

[334 N.C. 345 (1993)]

Further, we reject defendants' contention that we should make our ruling regarding the applicability of N.C.G.S. § 1-52(13) prospective only. As to claims involving state statutes and common law, the rule has long been established that

> a decision of a court of supreme jurisdiction overruling a former decision is, as a general rule, retrospective in its operation. *Mason v. A.E. Nelson Cotton Co.*, 148 N.C. 492, 62 S.E. 625 (1908); *MacDonald v. University of North Carolina*, 299 N.C. 457, 263 S.E.2d 578 (1980). . . . This Court has implicitly recognized that the decision on retroactivity involves a balancing of countervailing interests. . . .
>
> . . . Unless compelling reasons, . . . exist for limiting the application of the new rule to future cases, we think that the overruling decision should be given retrospective effect.

*Cox v. Haworth*, 304 N.C. 571, 573-74, 284 S.E.2d 322, 324 (1981). In the present case we find no compelling reason to depart from the traditional North Carolina rule and apply our holding prospectively. In our view, our decision today is not a change in the law. The applicable statute of limitations, N.C.G.S. § 1-52(13), has been effective since 1 January 1976 and has not been considered and ruled on by either appellate court in the context of a police officer's execution of official duties. Further, application of our holding today to the parties and litigants before the Court will not be unduly burdensome in that the section 1983 claim based on unlawful arrest against Officer Valencourt was upheld by the Court of Appeals and proof of the section 1983 claim will entail presentation of much of the same evidence necessary to prove the underlying torts.

Finally, the parties in their briefs have raised the issue of excessive force with respect to plaintiff's claim for assault. This issue is beyond the scope of plaintiff's petition for discretionary review and is not properly before the Court for review.

For the foregoing reasons, the decision of the Court of Appeals that plaintiff's claims for false imprisonment and assault are barred by the statute of limitations is reversed, and this case is remanded to the Court of Appeals for further remand to the superior court for trial of the remaining viable claims.

REVERSED IN PART AND REMANDED.

FOWLER v. VALENCOURT

[334 N.C. 345 (1993)]

Justice MEYER dissenting.

Contrary to the majority, I conclude that N.C.G.S. § 1-54(3) (the one-year statute of limitations) and not N.C.G.S. § 1-52(13) (the three-year statute of limitations) is the more specific statute and should govern the outcome of this case. I therefore dissent.

The appellate courts of this state have clearly and unequivocally stated on several occasions that the one-year statute of limitations applies to false arrest and assault actions brought against police officers. In *Mobley v. Broome*, 248 N.C. 54, 102 S.E.2d 407 (1958), this Court held that the one-year statute of limitations is applicable to actions for assault and false imprisonment applied to actions against police officers as well as others. This principle has been reaffirmed by the Court of Appeals on several occasions. *See, e.g., Evans v. Chipps*, 56 N.C. App. 232, 287 S.E.2d 426 (1982); *Jones v. City of Greensboro*, 51 N.C. App. 571, 277 S.E.2d 562 (1981).

This Court should follow its own past decisions and those of the Court of Appeals in accord with ours that have held, without exception, that the one-year statute of limitations applies.

The interpretative problems that N.C.G.S. § 1-52(13) creates stem from the ambiguity inherent in the use of the term "trespass." This statute is well over one hundred years old, and the term "trespass" historically has embraced a wide variety of actions. In *Brown v. Walker*, 188 N.C. 52, 58, 123 S.E. 633, 636 (1924), this Court concluded that the term, as used in this statute, was restricted to "unlawful acts done to the person or property of another by violence or force, direct or imputed," rather than any wrongful invasion of the rights of another.

When *Brown* was decided, the section of the statute relating to trespass by a public officer under color of his office was in N.C.G.S. § 1-54, and the Court, in commenting on the applicability of the statute to acts *not* involving acts done to another by violence or force (such as in the present case, a false imprisonment), said this:

> True, in its more general sense, a trespass is sometimes said to include any wrongful invasion of the rights of another, but in its more natural and usual meaning it is properly restricted to unlawful acts done to the person or property of another by violence or force, direct or imputed. It is to acts of trespass in this sense that the one-year statute of limitations applies — that is, a trespass committed by a public officer under color

of his office and constituting a wrongful invasion of the rights of third persons by force shown or imputed, and the statute does not and was never intended to apply to a breach of official duty in reference to the principal and employer — in this case the municipality.

*Id.* (citation omitted). It is as clear as can be that the sort of trespass contemplated by the use of the term "trespass" in the present N.C.G.S. § 1-52(13) is a violent physical assault and that false arrest or imprisonment continues to be covered by the one-year statute, N.C.G.S. § 1-54(3).

To the extent the term "trespass" is used in N.C.G.S. § 1-52(13) in an aggregate sense to refer to a range of actions based upon injury to persons or property, the majority's holding that the three-year statute applies in this case runs afoul of the principle that where a statute of general application conflicts with a statute applicable only to a restricted class of cases, the latter controls. The majority relies on this very rule but draws the wrong conclusion in seeking to apply the principle to the instant case. The reason the majority draws the wrong conclusion is that it focuses on who the alleged tort-feasor is rather than the nature of the action. As a result, the majority mistakenly concludes that, because the class "public officers" is more narrow than the class of all persons who could be tort-feasors in actions based on assault or false imprisonment, the three-year statute, N.C.G.S. § 1-52(13), is the more narrow statute and is therefore controlling. The majority's reasoning ignores the principle that "in determining the applicable statute of limitations, the focus should be upon the nature of the right which has been injured." *Holly v. Coggin Pontiac, Inc.,* 43 N.C. App. 229, 241, 259 S.E.2d 1, 9, *disc. rev. denied,* 298 N.C. 806, 261 S.E.2d 919 (1979). Plaintiff's reasoning converts N.C.G.S. § 1-54(3)'s one-year statute of limitation for assault and false imprisonment into a three-year period in any case where the defendant is a "police officer," thus ignoring the nature of the right allegedly injured, that is, to be free of assault and false arrest. N.C.G.S. § 1-54(3) is not a statute of general application applicable to an entire range of trespass actions. It is specifically directed to claims "for libel, slander, assault, battery, or false imprisonment," N.C.G.S. § 1-54(3) (Supp. 1992), rather than the entire range of "trespass" actions committed by public officers covered under N.C.G.S. § 1-52(13). Properly understood, then, it is N.C.G.S. § 1-54(3) that is the more restricted and the more specific statute.

## FOWLER v. VALENCOURT

[334 N.C. 345 (1993)]

Our North Carolina cases have repeatedly and consistently recognized that the one-year statute of limitation for actions based on assault and false imprisonment applies to police officers. *Mobley v. Broome*, 248 N.C. 54, 102 S.E.2d 407; *Fowler v. Valencourt*, 108 N.C. App. 106, 423 S.E.2d 785 (1992); *Evans v. Chipps*, 56 N.C. App. 232, 287 S.E.2d 426; *Jones v. City of Greensboro*, 51 N.C. App. 571, 277 S.E.2d 562. The majority's decision runs afoul of years of faithful adherence by our courts to this well-settled rule.

The decision in *Jones v. City of Greensboro* was handed down in 1981, some six years after the enactment of the 1975 amendment. Again in 1982, the Court of Appeals once more recognized N.C.G.S. § 1-54(3) as the applicable statute of limitations for false imprisonment by a police officer. *Evans v. Chipps*, 56 N.C. App. 232, 287 S.E.2d 426. The General Assembly has obviously had numerous opportunities to clarify the law had these decisions been inconsistent with its intent. The legislature's failure to do so suggests that the Court of Appeals' 1981 and 1982 decisions that followed our 1958 decision in *Mobley v. Broome* were correct.

Had the legislature intended to extend the statute of limitations for false imprisonment by police officers, as the majority says it intended, surely it would have done so explicitly rather than by means of the obscure, outdated reference to "trespass" actions. If that was the legislature's intention, it has been ignored by the courts of this state for several decades, and the legislature would have certainly clarified the statute by this late date.

Justice MITCHELL dissenting.

Giving the words used by the General Assembly in N.C.G.S. § 1-54(3), their plain, ordinary and universally accepted meanings, the one-year limitation period provided by that statute narrowly and specifically applies to actions for assault and false imprisonment, including those in which the defendant is a police officer. We have expressly so construed the statute for thirty-five years. *Mobley v. Broome*, 248 N.C. 54, 102 S.E.2d 407 (1958). *Accord Evans v. Chipps*, 56 N.C. App. 232, 287 S.E.2d 426 (1982); *Jones v. City of Greensboro*, 51 N.C. App. 571, 277 S.E.2d 562 (1981). The parties in this case were entitled to rely upon the statute as authoritatively construed by this Court. Believing as I do in the doctrine of *stare decisis*, I must respectfully dissent from the decision and holding of the majority that the one-year statute of limitation, N.C.G.S. § 1-54(3), is not available to the defendants in this case.