John D. GRAY, Plaintiff,

v.

Tony LAWS, individually and officially as an Orange County Health Department employee; Dan Reimer, individually and officially as Orange County Health Director; Orange County Health Department; and Orange County, Defendants.

No. 93–60–CIV–5–D.

United States District Court,
E.D. North Carolina,
Raleigh Division.

April 7, 1994.

M. Jackson Nichols, Allen & Pinnix, Raleigh, NC, for John D. Gray.

Robert H. Sasser, III, Womble, Carlyle, Sandridge & Rice, Raleigh, NC, James Redfern Morgan, Jr., Winston–Salem, NC, for Tony Laws, Dan Reimer.

Robert H. Sasser, III, Womble, Carlyle, Sandridge & Rice, Raleigh, NC, James Redfern Morgan, Jr., Winston–Salem, NC, Geoffrey E. Gledhill, Coleman, Gledhill & Hargrave, Hillsborough, NC, for Orange County Health Department, Orange County.

## MEMORANDUM OF DECISION

DUPREE, District Judge.

Plaintiff, John D. Gray, filed this action asserting numerous state and federal causes of action against several defendants arising out of his dismissal from employment as a sanitarian for the Orange County Health Department. In an order filed on January 20, 1994, the court remanded several of plaintiff's claims and granted summary judgment on numerous other of plaintiff's causes of action. However, because the parties had not specifically addressed plaintiff's claim for civil conspiracy in their briefs, the court abstained from ruling on that claim and set it for trial on the court's May 31, 1994 trial calendar. The action is currently before the court on defendants' motion to reconsider the decision to abstain from ruling or alternatively to renew its motion for summary judgment on plaintiff's civil conspiracy claim. Plaintiff chose not to respond to defendants' motion.

■ The court set out the extensive facts of this case in its January 20, 1994 memorandum of decision and that statement of the facts is incorporated by reference into this order. Further, the well established standard for summary judgment was set forth in that memorandum and will not be repeated here. Because the purpose of summary judgment motion is to avoid the expense and time of an unnecessary trial, the court will address defendants' motion for reconsideration to determine if a trial is necessary on plaintiff's civil conspiracy claim.

Initially, it is unclear from the complaint and plaintiff's subsequent submissions to the court whether plaintiff relies on North Carolina state law or federal law to state a claim for civil conspiracy. Accordingly, the court will address each.

## I. FEDERAL CONSPIRACY CLAIM

■ Initially, plaintiff cannot state a claim for civil conspiracy pursuant to 42 U.S.C. § 1985(3) because no racial or class based invidiously discriminatory animus lay behind plaintiff's allegations of conspiracy. *See Bray v. Alexandria Women's Health Clinic,* 506 U.S. 263, 266–68, 113 S.Ct. 753, 758, 122 L.Ed.2d 34 (1993); *see also Parker v. Chicago Housing Authority,* 730 F.Supp. 115, 121 (N.D.Ill.1989) (dismissing conspiracy claim under Section 1985(3) based on alleged conspiracy to deprive plaintiff of due process in dismissing him from his public employment).

■ However, plaintiff may have intended to allege a cause of action for conspiracy under 42 U.S.C. § 1983. Although Section 1983, unlike Section 1985(3), does not specifically mention conspiracy in the statute, courts have held that such an action may be maintained under Section 1983. *See, e.g., Bendiburg v. Dempsey,* 909 F.2d 463, 468 (11th Cir.1990); *Sellner v. Panagoulis,* 565 F.Supp. 238, 249 (D.Md.1982), *aff'd,* 796 F.2d 474 (4th Cir.1986) (Table), *cert. denied,* 479 U.S. 1069, 107 S.Ct. 962, 93 L.Ed.2d 1009 (1987). However, a conspiracy action pursuant to Section 1983 is primarily a legal mechanism to impose liability on numerous defendants, most typically in an attempt to join private defendants with public officials. More specifically, to maintain a conspiracy action under Section 1983, plaintiff must demonstrate an actual denial of a federally protected right. *See Bendiburg,* 909 F.2d at 468; *Goldschmidt v. Patchett,* 686 F.2d 582, 585 (7th Cir.1982).

■ In the present case, the court granted summary judgment on the only claims alleging a breach of federally protected rights: plaintiff's First Amendment and due process claims. Thus, because plaintiff has left no federally protected rights claims, the court will grant summary judgment on his civil conspiracy claim based on federal law. *See Sattler v. Johnson,* 857 F.2d 224, 226–27 (4th Cir.1988) (affirming dismissal of Section 1983 conspiracy action based on plaintiff's failure

to establish violation of a federal right, not barred by statute of limitations).

## II. *NORTH CAROLINA CONSPIRACY CLAIM*

■■■ Plaintiff also may have intended to allege a cause of action for civil conspiracy under North Carolina law. An action for civil conspiracy under North Carolina law is "not one for damages caused by the conspiracy itself, but is one for damages caused by acts committed pursuant to a formed conspiracy." *Jones v. City of Greensboro*, 51 N.C.App. 571, 583, 277 S.E.2d 562, 571 (1981), *overruled on other grounds, Fowler v. Valencourt*, 334 N.C. 345, 435 S.E.2d 530 (1993). As such, an essential element of a civil conspiracy claim under North Carolina law is the commission of an unlawful act or of a lawful act in an unlawful way. *Privette v. University of North Carolina at Chapel Hill*, 96 N.C.App. 124, 139, 385 S.E.2d 185, 193 (1989). In this case, the court granted summary judgment on all plaintiff's claims, other than civil conspiracy. Here again, therefore, plaintiff has failed to establish a genuine issue of fact as to an essential element of a civil conspiracy claim under North Carolina law. Thus, the court must grant defendants' motion for summary judgment on plaintiff's civil conspiracy claim to the extent it was based on North Carolina law. *See id.* (affirming dismissal of civil conspiracy claim in a case based on dismissal of employee from state university after all other claims had been dismissed and no unlawful acts remain on which to base claim).

In summary, defendants' motion for reconsideration will be allowed on each of the grounds asserted, and an appropriate judgment will be entered.