IN THE MATTER OF THE GUARDIANSHIP OF: CLARA STEVENS THOMAS, INCOMPETENT: MARY PAUL THOMAS, PETITIONER/APPELLANT v. TERESA T. BIRCHARD, MOVING PARTY/APPELLEE

No. COA06-623

(Filed 5 June 2007)

**1. Guardian and Ward— motion to modify guardianship— jurisdiction**

The clerk of court had jurisdiction to hear appellee's motion to modify guardianship, because: (1) N.C.G.S. § 35A-90(a) states that the clerk has the power and authority on information or complaint made to remove any guardian and to appoint successor guardians; and (2) appellee's motion to remove her mother's guardian and appoint a new one fits squarely within the authority granted the clerk.

**2. Guardian and Ward— motion to modify guardianship—better care and maintenance of ward standard**

The clerk of court did not err by allegedly applying an incorrect "better care and maintenance of the ward" standard for

removing a guardian of the person instead of a "for cause" standard under N.C.G.S. § 35A-1290, because: (1) contrary to petitioner's contention, *In re Williamson*, 77 N.C. App. 53 (1985), is inapplicable; (2) the Court of Appeals does not engage in judicial construction when the statutory language is clear and unambiguous, but must apply the statute to give effect to the plain and definite meaning of the language; (3) the statutory language states the clerk may enter orders for the better care and maintenance of wards and their dependents; (4) petitioner's interpretation of the statute makes the delineation between permissive removal of guardians and mandatory removal of guardians superfluous; and (5) the previous guardian has raised no objection to being replaced.

Appeal by petitioner from judgment entered 7 March 2006 by Judge Robert H. Hobgood in Wake County Superior Court. Heard in the Court of Appeals 7 February 2007.

*Vann & Sheridan, LLP, by Gilbert W. File, for the petitioner-appellant.*

*James B. Craven, III, for the appellee.*

*Leslie G. Fritscher, for the Guardian ad Litem-appellee.*

*Mary Jude Darrow, for amicus curiae, Conference of Clerks of Superior Court of North Carolina.*

ELMORE, Judge.

On 7 March 2006, the Wake County Superior Court affirmed a 21 December 2005 order by the Wake County Clerk of Court changing the guardianship of Clara Stevens Thomas. It is from this decision that petitioner appeals.

Mrs. Thomas was declared incompetent on 12 August 2003. She was a resident of Wake County at the time, and Daniel B. Finch of Raleigh was appointed as the guardian of the estate. Aging Family Services, Inc. was appointed guardian of the person and served in that role until 13 September 2005. Petitioner and Dr. Teresa T. Birchard are the adult children of Mrs. Thomas. In 2003, Dr. Birchard was living and practicing medicine in Hawaii when her mother was declared incompetent and guardians were appointed. In 2004, Dr. Birchard moved to Sanford, in Lee County, where she maintains an OB-GYN practice.

On 9 February 2005, Mrs. Thomas was discharged from a hospital after suffering a stroke, and moved to Dr. Birchard's home in Sanford. On 17 June 2005, Dr. Birchard filed a motion to modify guardianship, asking that her mother's guardianship be modified as follows:

> When this special proceeding was brought in 2003, the movant was living in Hawaii. Clara Stevens Thomas is now living with the movant, her daughter Teresa T. Birchard, a physician in Sanford. There is no longer any connection to Wake County, and the guardianship should be transferred to Lee County. As Dr. Birchard is the de facto [sic] guardian of the person, such status may as well be made de jure [sic]. It will also be less expensive for the ward's estate if Dr. Birchard is made guardian of the estate as well.

Dr. Birchard's request to be made guardian of the estate was subsequently abandoned. The clerk heard this motion on 13 September 2005, and followed the recommendation of the Guardian ad Litem by appointing Dr. Birchard as guardian of the person of Mrs. Thomas. This appointment was formalized in a 13 October 2005 order. Petitioner gave notice of appeal to superior court on 14 October 2005.

After hearing the appeal on 5 December 2005, the superior court remanded the case to the clerk for additional findings of fact and conclusions of law. The clerk then entered the order of 21 December 2005, from which petitioner renewed her appeal on 2 January 2006. The superior court affirmed the clerk's order, holding:

> The only issue before the Court is whether or not the Clerk was authorized by G.S. 35A-1290(a) to make a change in the guardianship of Mrs. Thomas. This Court agrees with the Clerk that if G.S. 35A-1290(a) does not allow such a change as was made here, that statute is indeed meaningless, a most improbable result. The Clerk clearly applied the correct standard, in the language of G.S. 35A-1290(a), "the better care and maintenance of wards."

On appeal to this Court, petitioner argues that the superior court erred because the clerk applied the incorrect standard for removing a guardian of the person. Rather than using a "better care and maintenance of the ward" standard, petitioner argues that the clerk should have used a "for cause" standard. We disagree.

The parties are in disagreement about the interpretation of N.C. Gen. Stat. § 35A-1290, which states, in relevant part:

(a) The clerk has the power and authority on information or complaint made to remove any guardian appointed under the provisions of this Subchapter, to appoint successor guardians, and to make rules or enter orders for the better management of estates and the better care and maintenance of wards and their dependents.

N.C. Gen. Stat. § 35A-1290(a) (2005). Two sections follow, sections (b) and (c), which list situations in which "[i]t is the clerk's duty to remove a guardian or to take other action sufficient to protect the ward's interests." *Id.* at § 35A-1290(b) and (c). N.C. Gen. Stat. § 35A-1290 replaced § 33-9 in 1987, and neither this Court nor the Supreme Court has had occasion to determine the appropriate standard for replacing a guardian under § 35A-1290. Therefore, this is a case of first impression for this Court.

**[1]** Although petitioner first contends that the clerk lacked jurisdiction to hear Dr. Birchard's motion, this argument is without merit. The language of 35A-1290(a) clearly states that the clerk has the "power and authority on information or complaint made to remove any guardian" and "to appoint successor guardians." N.C. Gen. Stat. § 35A-90(a) (2005). Here, Dr. Birchard filed a motion to remove Mrs. Thomas's guardian and appoint a new one, which fits squarely within the authority granted the clerk by section 35A-1290(a).

**[2]** Petitioner next argues that "[c]ase law interpreting the former statutes governing the removal of guardians establishes that a guardian may only be removed for cause and, furthermore, establishes the legislature's intent that the current removal statute be consistent with this historical interpretation." The most recent case cited by petitioner is *In re Williamson*, 77 N.C. App. 53, 334 S.E.2d 428 (1985), which was based on the now-repealed N.C. Gen. Stat. § 33-9. In *Williamson*, this Court held that "[a] legal guardian of a child's person, unlike a mere custodian, is not removable for a mere change of circumstances. Unfitness or neglect of duty must be shown. G.S. 33-9." *Id.* at 60, 334 S.E.2d at 432. *Williamson* is easily distinguished from the case at hand for at least three reasons: (1) the statute upon which this Court relied in *Williamson* has been repealed and replaced; (2) the guardianship at issue in *Williamson* was that of a child, not an incompetent adult; and (3) a judge changed the guardianship in *Williamson*, not a superior court clerk. Furthermore, the *Williamson* rule has not been applied to any other guardianship cases, much less any cases decided under N.C. Gen. Stat. § 35A-1290.

IN RE GUARDIANSHIP OF THOMAS

[183 N.C. App. 480 (2007)]

"Where the statutory language is clear and unambiguous, 'the Court does not engage in judicial construction but must apply the statute to give effect to the plain and definite meaning of the language.' " *Carolina Power & Light Co. v. City of Asheville*, 358 N.C. 512, 518, 597 S.E.2d 717, 722 (2004) (quoting *Fowler v. Valencourt*, 334 N.C. 345, 348, 435 S.E.2d 530, 532 (1993)). Here, the statutory language is clear: the clerk may "enter orders for . . . the better care and maintenance of wards and their dependents." N.C. Gen. Stat. § 35A-1290(a) (2005). This portion of the statute is permissive, and entirely separate from the other subsections of the statute, which *require* the removal of the guardian for specific reasons (*i.e.*, "for cause"). *See* N.C. Gen. Stat. § 35A-1290(b) and (c) (2005). Petitioner's interpretation of the statute makes the delineation between permissive removal of guardians and mandatory removal of guardians superfluous. "Such statutory construction is not permitted, because a statute must be construed, if possible, to give meaning and effect to all of its provisions." *HCA Crossroads Residential Ctrs. v. North Carolina Dep't of Human Resources*, 327 N.C. 573, 578, 398 S.E.2d 466, 470 (1990).

Accordingly, we hold that both the clerk and the superior court applied the correct standard to the petition for removal of a guardian, and the appointment of a substitute guardian: the better care and maintenance of the ward.[1] The clerk properly determined that, for "the better care and maintenance" of Mrs. Thomas, the corporate guardian, located in Wake County, should be replaced by Mrs. Thomas's daughter, in whose Lee County home Mrs. Thomas resides. We also note that the previous guardian, Aging Family Services, Inc., has raised no objection to being replaced by Dr. Birchard.

Affirmed.

Judges TYSON and GEER concur.

---

1. In its *amicus curiae* brief, the Conference of Clerks of Superior Court of North Carolina notes that, "the Clerks in all 100 counties read G.S. 35A-1290(a) the same way, taking as their lodestar that the goal must always be 'the better care and maintenance of wards.' " This being the case, we are confident that our decision will have no disruptive effect on the administration of guardianships by the clerks of this state.